## PACKARD *a.* WOOD.

*Supreme Court, First District; General Term, March,* 1864.

CHANGE OF PARTIES.—BRINGING IN THIRD PERSONS.

Under the Code of Procedure, a defendant is not entitled to compel an assignee of the cause of action pending the suit to become a plaintiff without his consent.[*]

---

[*] In NEWTON *a.* MILLEVILLE MANUFACTURING COMPANY (*Supreme Court, First District; Special Term,* 1858), the plaintiff supposed, in ignorance of the true name of the defendants, that they were a corporation, and therefore sued them by the

If there be inherent power in the court to grant such relief, it is a matter of discretion, and a refusal to entertain the application is not reviewable on appeal.*

---

name in which they transacted their business. Having afterwards ascertained that the name used was not a corporate name, but that used by three persons who were the real defendants, the plaintiff asked leave to substitute their names as defendants, with proper allegations in the complaint.

*Held,* that section 175 of the Code met the case, and the motion should be granted without costs.

In NEILL *a.* WÜEST (*Supreme Court, Chambers; November*, 1861), it was *Held,* 1. That an order granting the moving party a favor is not imperative upon him unless so expressed. 2. The usual order allowing a defendant to pay the demand into court, and substituting another party in his place, is not imperative, and the defendant who applied for it may, instead of taking advantage of it, put in an answer in the cause.

The facts are stated in the opinion.

BARNARD, J.—On motion of defendant, an order was made herein on the 16th of August, 1861, to the effect that, on payment by defendant into court of the amount claimed in the complaint, and interest, and on payment by defendant to plaintiff's attorney of costs of suit to date of the order, and $10 costs of opposing motion, George Seely be, from and after such payment, substituted in the place and stead of said John Wuest as defendant; and giving the defendant ten days to comply with the order, and giving George Seely twenty days to answer, from the time of service on him of a copy of the complaint. This order defendant did not comply with, but instead thereof put in an answer, the defence presented by which is, that the note in suit belongs to said Seely, and that he claims the amount of defendant.

Plaintiff now moves for an order requiring defendant to comply with the above order of August 16, 1861, or that in default thereof plaintiff have leave to enter judgment.

The present motion seems to be founded on the supposition that a compliance with the order of August 16, 1861, is imperative on the defendant. This, however, is a mistake. All orders made on motion of a party, granting that party a favor, or giving him leave to do some act upon the prior performance by him of some condition, are merely conditional and permissive. They are conditional, because they have no effect, unless certain terms are first complied with by defendant; and they are permissive, because conditional, inasmuch as the imposition of the condition is inconsistent with a mandate. The whole effect of a non-compliance with an order of this character, is to place the party in the same position as if his motion had been originally denied. Indeed, the contingency of a non-compliance is usually provided for in the order itself, by appending a clause to the effect that if the provisions of the order be not complied with in a specified time, then that the motion be denied, with costs. The order of August 16, 1861, is one of this conditional and permissive character.

It does not order and direct the defendant to pay into court, but simply author-

---

* In MILLARD *a.* VAN RANST (*Supreme Court, First District; General Term, September*, 1863), it was *Held,* by SUTHERLAND, INGRAHAM, and LEONARD, JJ., that an order refusing to open a default taken for want of an answer is not appealable.

Appeal from an order denying defendant's motion to have one Amory joined with plaintiff as a party.

The action was by Austin Packard against Loftis Wood, for an accounting between quasi-partners. Plaintiff had judgment for $29,322.10, from which defendant appealed to the general term, but without staying execution. Nearly the whole of the judgment had been collected by the sale of the defendant's real estate to one Peter B. Amory. On the appeal, it was ordered that the judgment be reversed, unless plaintiff submit to certain reductions. The defendant contemplated a further appeal. On affidavit showing these facts, and also that Amory owned nine-tenths of the claim and was himself prosecuting the claim, and that the plaintiff of record was insolvent, defendant moved that Amory be joined as a party plaintiff. The motion was denied by Mr. Justice BARNARD, on the ground that "under the provisions of the Code the defendant cannot make such motion." The defendant appealed.

*George C. Goddard,* for the appellant.—I. The judge at chambers denied the motion expressly and solely on the ground that he had not the power under the Code to grant it. Should there

izes one party to be substituted in the place of another, as defendant, upon certain terms being complied with in a specified time.

It is merely an interpleader order, and could not consequently be of a mandatory character. Nothing more is needed to show that the judge making this order regarded it as one granting a party a favor on his own motion, in terms, beyond the fact that one of these terms is payment of $10 costs of opposing motion, although the motion is granted. When a party asks for a favor, or for a matter of strict right, and the court grants it on his performance of certain imposed conditions, there is no authority in the court to compel the performance of the conditions, if the party elects not to take the favor or right which the court granted conditioned on such performance.

Thus, if a defendant moves to open a default taken against him for not answering, and for leave to answer, and the court grants his motion on condition that he bring into court in ten days the sum claimed by plaintiff, I apprehend the court has no power to compel him to bring the same into court if he elects not to take advantage of that part of the order which is in his favor, and omits to answer.

There being no authority to make an order requiring defendant to comply with the order of August 16, 1861, no order can now be made based on any default by defendant in complying therewith.

Motion denied, with $10 costs.

be any doubt whether an appeal would otherwise lie from the order, this would sustain the appeal. (McElwain a. Corning, 12 *Abbotts' Pr.*, 16; McMahon a. Mutual Benefit Life Insurance Co., *Ib.*, 28; Beach a. Chamberlain, 3 *Wend.*, 366.) The order affects a substantial right, as much so as an order to file a supplemental complaint. (St. John a. Croel, 10 *How. Pr.*, 253.) It is a right that the suit should be brought in the name of the real party in interest; and as much a right that it should be so continued, where, as in this case, the addition of such real party becomes important.

II. The power to grant the motion is given by the Code. And it existed in equity causes, which this is, before the Code. (See *Code*, § 173.) It is also within section 121, allowing a substitution in case of a transfer of interest. (Shearman a. Coman, 22 *How. Pr.*, 517.) In Dutcher a. Slack (3 *How. Pr.*, 322), a person was made co-plaintiff on plaintiff's application during the trial. *A fortiori*, may it be done on defendant's application. "The power of amendment under the Code, either before or after judgment, by adding or striking out the names of parties, is so comprehensive as to cover all cases which can arise and call for the interposition of the court." (Sherman a. Fream, 8 *Abbotts' Pr.*, 33.)

III. The lapse of time is of no importance, unless the delay has prejudiced the other party; of which there is no pretence. The motion is made on notice to Amory as well as to plaintiff.

*Charles Jones*, for the respondent.—I. The Code directs, that in case of a transfer of interest the action shall be continued in the name of the original party, but the court may allow the person to whom the transfer is made to be substituted. This can only be done on the motion of the assignee. (*Code*, § 121; Harris a. Bennett, 6 *How. Pr.*, 220; Sheldon a. Havens, 7 *Ib.*, 268.)

II. The defendant has no right to make the motion; and if he had, he has been guilty of laches in not moving before. More than four years have elapsed since he knew of the interest of Amory in the suit.

III. The court can only grant the motion that Amory now be brought in as a party: the order cannot be made retroactive.

Leonard, J.—The question here arises on appeal from an

order made at special term, denying a motion, on the part of the defendant, that Peter B. Amory be joined as a party-plaintiff in this action as of the time he became interested therein, and that the judgment and proceedings be so amended. It appears that the case has been tried, and judgment rendered for the plaintiff, and that an appeal has been taken, which is not yet determined ; and a further appeal or a new trial is contemplated by the defendant, if the result of the present appeal is adverse to him.

The plaintiff assigned his interest in the demand in suit to Amory, who has made the advances to carry on the action since a trial was had before the referee. As the plaintiff retains a small interest only, and is now insolvent, the defendant desires that Amory, the responsible party, for whom the action is now prosecuted, shall be made a party-plaintiff, not only for the purpose of obtaining his liability for costs, but also for restitution in case the judgment shall be reversed, the said Amory having collected a large part of the judgment since its recovery.

The provisions of the Code relied on to sustain the motion are sections 121 and 173. Section 121 authorizes the action to be continued in the name of the original party, in case of a transfer of interest by means other than death, marriage, or disability. It provides also for allowing the person to whom the transfer is made to be substituted in the action. The latter clause relates to the particular subject of introducing new parties to an action, by reason of an assignment of the interest of an original party. The language of this paragraph is poor authority for compelling a person to whom an interest has been transferred, pending an action, to become a party thereto.

In my opinion, the application is to be allowed in the discretion of the court, when the person to whom the transfer has been made demands it, and on the application of such party only. I am unable to perceive that authority to permit or allow an act to be done, can be construed as authority to compel it, against the wish of the person in whose favor the provision is made.

I have not overlooked the case of Shearman *a*. Coman (22 *How. Pr.*, 517), decided at special term, but with great respect for the learned justice who made that decision, I am unable to concur in his views.

. Section 121 has superseded the practice of the late court of

chancery in respect to the manner of conducting an action where a change or transfer of interest has occurred since the commencement of the action. As to the former practice, see Sedgwick *a.* Cleveland (7 *Paige*, 287).

Section 331 affords the defendant as effectual indemnity as to the costs, as he could have by substituting the assignee of the demand as the plaintiff herein. As to the liability of Amory for restitution in the event of the final success of the defendant, his remedy will not be improved, as the order cannot create a retroactive liability in this respect.

Section 173 relates to amendments. The court is thereby authorized to amend any pleading, process, or proceeding, by adding or striking out the name of a party. An amendment signifies the correction of something which was previously defective. It is not the office of an amendment to introduce new facts or parties, arising or becoming interested after the commencement of the suit. A supplemental complaint or answer is the proper practice in such cases.

The order appealed from should be affirmed, with costs.

SUTHERLAND, J.—I think the judge at chambers had power to grant the defendant's motion; and as he denied it solely on the ground of want of power, I think the order should be reversed, irrespective of the question whether he ought to have granted the motion.

CLERKE, J.—The justice at the special term based his decision on the ground that one party in an action cannot compel another person to become his adversary in the action under the Code of Procedure; and that section 121 of the Code does not warrant compulsion of this kind. Neither does the section relating to amendments warrant it. Whether the court has the inherent power to make such an order was not discussed below. The judge did not deem this a proper case, it is to be presumed, for entertaining the question. I concur with Judge LEONARD in thinking that the order should be affirmed.

Order affirmed.