In an action for an accounting, the proper practice is to bring the case on for trial at Special Term, when the plaintiff, on establishing his right to an accounting, is entitled to an interlocutory judgment directing that the accounts between the parties be investigated and settled; and after such an interlocutory judgment is entered, and the plaintiff's right to an accounting established, the evidence necessary upon the accounting then becomes material, but until that right is established by the Special Term it is quite evident that the evidence in relation to the account is not material evidence in the action, and the court is not justified in compelling a discovery of such evidence until such interlocutory judgment is entered. This rule, of course, applies only to an action in equity for an accounting.

The order appealed from is therefore affirmed, with $10 costs and disbursements.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur. CLARKE, J., dissents.

---

BURROW v. OTTO SARONY CO., Photographers, et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

PARTIES (§ 59*) — TRANSFER OF INTEREST — SUBSTITUTION OF PARTIES PENDING SUIT.

Code Civ. Proc. § 756, declares that, in case of a transfer of interest or devolution of liability, an action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or on whom the liability is devolved to be substituted in the action or joined with the original party, as the case requires. *Held*, that where, in a suit to restrain defendant corporation from using the word "Sarony" in connection with its photographic business, it appearing that defendant company during the pendency of the suit had been merged in the M. Company, and that the latter was carrying on whatever photographic business defendant formerly conducted, plaintiff was entitled to have the M. Company substituted in place of the defendant.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 90–94, 165; Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Suit by Ernest M. Burrow against the Otto Sarony Company, Photographers, impleaded. From an order denying plaintiff's application for the substitution of the Marceau Company, Limited, as defendant, he appeals. Order reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Yorke Allen, for appellant.
Maurice Goodman, for respondent.

HOUGHTON, J. The action is to restrain the defendants from using the word "Sarony" in connection with the photograph business; the plaintiff claiming to have purchased the right to the use of that name from the representatives of Napoleon Sarony, who had for a

long time carried on the photographic business under such alleged trade-name designation. Summons was served on the defendant Sarony Company, Photographers, and a motion was made to set aside such service on the ground that prior to the commencement of the action, and in January, 1906, such corporation had been merged in the Marceau Company, Limited. The certificate of merger was claimed to have been ineffectual and defective, in that it stated that the directors of the Marceau Company owned all the capital stock of the Sarony Company, instead of stating that the corporation itself owned all the stock of the latter company. A motion to set aside the service of the summons was denied, and on appeal to this court the order was affirmed. 121 App. Div. 926, 106 N. Y. Supp. 1119. Thereafter, and on the 9th day of December, 1907, for the purpose of correcting whatever defect may have existed in the original certificate of merger, the Marceau Company filed a new certificate of merger with the Sarony Company, alleging that the corporation owned the stock, which latter certificate is not criticised. Thereupon the plaintiff made this motion to have the Marceau Company substituted as defendant in place and stead of the Sarony Company, on the ground that there had been a transfer of interest and devolution of liability from the one corporation to the other. This motion was denied, and the plaintiff appeals.

The respondent the Sarony Company answered, and set up various defenses, including one that it was not a proper party defendant in this action, because the Marceau Company should have been sued, instead of it, on account of the merger which had taken place, and urges that such defense will be destroyed if substitution is permitted, and also insists that the first certificate of merger was valid, and hence the Sarony Company never should have been sued at all. The validity of the first certificate of merger was directly involved in the former motion to set aside the service of summons on the Sarony Company; for, if it in fact had been merged, service of summons upon it was improper, and should have been set aside. The Special Term and this court, having refused to set it aside, necessarily held that the attempted merger was ineffectual. However that may be, unquestionably the Sarony Company has now been merged in the Marceau Company, and section 756 of the Code of Civil Procedure prescribes that in case of a transfer of interest or devolution of liability an action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires.

The Marceau Company is carrying on whatever photographic business the Sarony Company carried on, and if plaintiff's rights are now being violated with respect to the use of the word "Sarony" they are being violated by the Marceau Company. The action being in equity, if such facts appeared upon the trial, the court might order the trial suspended and direct the plaintiff to bring in the additional party. Ackerman v. True, 120 App. Div. 172, 105 N. Y. Supp. 12. Under the provisions of section 756 of the Code above stated, the plaintiff was entitled to have the Marceau Company substituted in place of the

corporation which it had absorbed by merger, and the motion should have been granted.

The order, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.