ROTHBARTH et al. v. HERZFELD et al.

(Supreme Court, Appellate Division, First Department.　December 31, 1913.)

PARTIES (§ 51*)—BRINGING IN PARTIES—RIGHT OF DEFENDANTS.

A defendant, who during the trial of an action for money judgment learns that plaintiff had executed an assignment of the cause of action to trustees for creditors, is not entitled either under Code Civ. Proc. §§ 452, 453, authorizing the bringing in of parties when necessary to a determination of the controversy, or under section 756, providing that on a transfer of interest the action may be continued by or against the original party unless the court directs the transferee to be substituted or joined, to compel over the objection of the plaintiff and the trustees, to join the trustees as plaintiff, since the court may determine the controversy between the original parties without the presence of the trustees, and since under section 756 a new plaintiff cannot be substituted or joined with the original plaintiff on the application of defendant over the objection of the original plaintiff and of the person sought to be substituted or joined.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Action by Martin Rothbarth and others against Felix Herzfeld and others.　From an order bringing in additional parties as plaintiffs, plaintiffs appeals.　Reversed.

See, also, 150 App. Div. 900, 134 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

George H. Engelhard, of New York City, for appellants.

Bernard Naumberg, of New York City, for respondents.

SCOTT, J.　Plaintiffs, a German firm doing business also in the city of New York, were represented in that city by one Adolph Rothbarth, who held their power of attorney.　They kept accounts in two New York City banks, the Mercantile and the Liberty, upon both of which said Adolph Rothbarth had authority to draw checks in plaintiffs' name.　The defendants are or were stockbrokers.　The plaintiffs' claim is that Adolph Rothbarth used plaintiffs' funds with which to speculate in stocks through defendants·as brokers, and that defendants knew that the moneys paid to them by Adolph Rothbarth for the purposes of speculation were plaintiffs' funds and that said Adolph Rothbarth had no authority to use said moneys for such purposes.　The action is now on trial before a referee.

In the course of the trial defendants learned, for the first time, that in December, 1910, plaintiffs had made a composition agreement with four of their creditors, to wit, Annie Rothbarth, their mother, a Frankfort bank, and the Mercantile and Liberty Banks of this city. By this agreement they undertook to pay 20 per cent. of their indebtedness to each of said creditors in cash, and to give notes for 40 per cent. thereof; such notes to be payable out of the proceeds of any recoveries which might be had in this and certain other similar actions against other defendants, and to be payable only out of such proceeds.　To secure these notes they agreed to execute, and did ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ecute, to George H. Englehard and Hjalmar H. Boyesen as trustees, assignments of this and the other causes of action, in trust to receive the sums realized therefrom and to pay over such sums in accordance with the composition agreement. By the terms of the assignment the trustees are to have no voice in the conduct or settlement of the action, but are merely empowered to receive the proceeds when realized, and to distribute them. Upon ascertaining the fact of this assignment, defendants moved that Englehard and Boyesen be substituted as parties plaintiff. They opposed, as did the plaintiffs; but the motion was granted to the extent of joining them as plaintiffs. Both plaintiffs and the trustees appeal.

The principal reason urged by defendants why the order should be affirmed is that they have, as they think, grounds for a separate defense, or counterclaim by way of set-off against the two New York banks for whose benefit the assignment of the cause of action was made, but not against the other creditors. These grounds, stated briefly and without any attempt at technical accuracy, are that one of the banks ratified the wrongful acts of Adolph Rothbarth by accepting from defendants a portion of the proceeds of his speculations, and, as to both banks, that if defendants are compelled to pay plaintiffs they will have a cause of action over against the banks for having accepted and honored Adolph Rothbarth's unauthorized checks. It is far from clear that either of these defenses would be available even if the action had originally been brought by Englehard and Boyesen, or if they should remain parties plaintiff; but that question we are not called upon to consider at this time.

The ground upon which the motion was granted, as stated by the learned justice at Special Term, was that:

"It has been repeatedly held that the court, in order to dispose of the rights of the parties, may direct the bringing in of all the parties having an interest in the proceeding, however remote."

The motion was thus apparently granted under the provisions of sections 452 and 453, Code of Civil Procedure, which however are not applicable because the court can determine the controversy as between the original parties to the action, without the necessity for importing new parties whose interests have been acquired since the action was commenced. The section of the Code applicable to the present motion is section 756, which provides as follows:

"In case of a transfer of interest, or devolution of liability, the action may be continued, by or against the original party; unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires."

We entertain much doubt whether under this section a new plaintiff can be substituted in an action, or even joined as plaintiff with the original plaintiff, upon the application of the defendant, and in face of the opposition both of the original plaintiff and of the person sought to be substituted or joined as plaintiff. Such is the effect of the decision in Lawson v. Town of Woodstock, 37 Hun, 352, although the

precise question was not presented. It was directly so held in Packard v. Wood, 17 Abb. Prac. 318, and, although the later case of De Bost v. Albert Palmer Co., 21 Wkly. Dig. 369, seems to hold that it lies within the discretion of the court whether such a substitution or joinder shall be made, the case is so inadequately reported that it loses much of its authority from that circumstance. Indeed, it is difficult to see how any one can be compelled, against his will, to become a plaintiff and assume the aggressiveness implied thereby. It is doubtless for this reason that it is provided in section 448 that, if the consent of one who ought to be a plaintiff cannot be obtained, he may be made a defendant. For the same reason section 760 provides different modes of procedure in cases arising under section 756 where the application is made (1) by the person upon whom the right or interest has devolved, or (2) where the application is made by a plaintiff, or (3) where the application is made by a defendant. In the latter case, which is the one we are now considering the remedy provided is to permit the applicant to bring a cross-action, if the protection of his rights demands it. Even if we were disposed to hold, as we are not, that the granting of such a motion as the present rested in the court's discretion, we should be of the opinion that such discretion should not be exercised in the present case.

Order appealed from reversed, with $10 costs and disbursements, and motion denied with $10 costs. All concur.