WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Plaintiff, *v.* TONEY A. HARDY, Defendant.

Supreme Court, Special Term, New York County, January 23, 1943.

*Phillips & Avery* for plaintiff.

*McManus, Ernst & Epstein* for defendant.

BENVENGA, J. The plaintiff, as Superintendent of Banks, sued to recover an assessment against stockholders of a bank in liquidation and obtained a judgment against defendant. From that judgment, defendant appealed. Pending appeal, plaintiff sold and assigned the judgment; and defendant moves to have the assignees substituted as plaintiffs.

It is not disputed that the action is properly brought in the name of the Superintendent of Banks as plaintiff (Banking Law, § 113-a; Civ. Prac. Act, § 210); that, as Superintendent, he was authorized to sell and assign the judgment (Banking Law, § 632; Personal Property Law, § 41), and that the motion is properly made at Special Term of this court (Civ. Prac. Act, § 579; *Campbell* v. *Friedlander,* 51 App. Div. 191–193). But it is urged that the motion should be denied because the assignees do not wish to be substituted, and because, should the judgment be reversed, it is questionable whether the assignees could proceed with the new trial.

It is elementary that every action must be prosecuted in the name of the " real party in interest," unless it is otherwise expressly provided (Civ. Prac. Act, § 210), as in the instant situation (Banking Law, § 113-a). This rule abrogates the common-law principle and requires the assignee or transferee to bring action on any assigned claim or demand. The assignee in such a case is the real party in interest. He must bring the action in his name, and not in the name of the assignor, as at common law. (*Foster* v. *Central Nat. Bank,* 183 N. Y. 379, 384; *Whiting* v. *Glass,* 217 N. Y. 333, 335; 2 Carmody's New York Practice, §§ 501, 502.)

The Civil Practice Act also provides that where, during the pendency of the action, the interest of a party has been transferred, the action "may be continued by  \*  \*  \*  the original party, unless the court directs the person to whom the interest is transferred  \*  \*  \*  be substituted in the action." (Civ. Prac. Act, § 83; *Griswold* v. *Caldwell*, 14 Misc. 299, 302.)

Therefore, reading sections 83 and 210 together, as they should be, it would seem that where, after the action is brought, the plaintiff transfers his interest in the claim or demand, it is then within the discretion of the court, depending upon the circumstances, whether the action should be continued in the name of the original party or in the name of the assignee or transferee. (*Lawson* v. *Town of Woodstock*, 37 Hun, 352, 353.)

It is true that in *Rothbarth* v. *Herzfeld* (159 App. Div. 732) doubt is expressed whether, under section 83 (*supra*), the assignee or transferee can be substituted or joined with the original plaintiff in the face of opposition on the part of the original plaintiff and the person sought to be substituted or joined (pp. 734, 735). In support of this dictum, the court said: " Such is the effect of the decision in *Lawson* v. *Town of Woodstock* (37 Hun, 352), although the precise question was not presented. It was directly so held in *Packard* v. *Wood* (17 Abb. Pr. 318), and although the later case of *De Bost* v. *Albert Palmer Co.* (21 Wkly. Dig. 369) seems to hold that it lies within the discretion of the court whether such a substitution or joinder shall be made."

The *De Bost* case is directly in point. The other cases are distinguishable. Thus, in the *Rothbarth* case (*supra*), defendants learned during the trial that plaintiffs had made a composition agreement with creditors and assigned the cause of action to trustees. Defendants then moved, under the Code of Civil Procedure, sections 452 and 453 (now Civ. Prac. Act, §§ 193, 219, 220), to bring in the trustees as additional parties plaintiff. It was held that those sections were inapplicable, and that the applicable provision was the Code of Civil Procedure, section 756 (now Civ. Prac. Act, § 83, *supra*). Then, referring to the latter provision, the Court gave utterance to the dictum in question.

In the *Lawson* case (*supra*), plaintiff, after commencement of the action, made a general assignment for the benefit of creditors. Defendant obtained an order, over the objection of the assignee, staying all proceedings until the assignee should cause himself to be substituted as plaintiff. In holding that the stay was improvidently granted, the court pointed out that the

assignee " has no personal interest in the matter," and, should he refuse to make himself a party, the action would be forever stayed; while, on the other hand, plaintiff " is still interested in the claim," and, should there be any surplus, it would go to him. Significantly, the court added: " It is possible that where the cause of action has been absolutely transferred an order of this kind would do no injustice. But that is *not* the present case." (Italics supplied.)

The *Packard* case (*supra*) construed the Code of Procedure, section 121, from which the Code of Civil Procedure, section 756 (now Civ. Prac. Act, § 83), was derived. That section (§ 121) provided that in case of any transfer of interest, other than by death, marriage, or other disability of a party, " the action shall be continued in the name of the original party; or the court may allow *the person to whom the transfer is made* to be substituted in the action." (Italics supplied.) It was held that " the language of this paragraph is poor authority for compelling a person to whom an interest has been transferred, pending an action, to become a party thereto " without his consent.

However, as carried into section 756 of the Code of Civil Procedure (now Civ. Prac. Act, § 83), section 121 of the Code of Procedure (*supra*) was materially revised and amended. The action may now be continued by the original party, " unless the court directs [that] the person to whom the interest is transferred \* \* \* be substituted in the action " (Civ. Prac. Act, § 83). It would seem therefore that, while under the old practice the defendant was not entitled to compel the assignee to become the plaintiff without his consent, he is now entitled to such relief. Thus, in the *De Bost* case (*supra*), which was decided but a few months before the *Lawson* case, defendant moved to substitute as party plaintiff the sole transferee of plaintiff's cause of action. Special Term denied the motion on the ground that the Code of Civil Procedure, section 756 (now Civ. Prac. Act, § 83), under which it was made, did not contemplate a motion on behalf of the defendant — apparently following the *Packard* decision. General Term reversed, holding that the new statute conferred upon the court a very broad discretion to bring in a party who might have an interest in the suit; and that it was within the discretion of the court, upon motion of either party, to substitute as plaintiff the sole transferee of the plaintiff's cause of action.

The principle to be deduced from the cases would seem to be this: That where the assignment is absolute, leaving no interest whatever in the assignor, as in the case at bar, the

motion should be granted, for, under such circumstances, the assignee is the "real party in interest." But where the assignment is not absolute, or where, notwithstanding the assignment, the assignor still has some interest in the cause of action, as in the *Lawson* and *Rothbarth* cases (*supra*), then the motion should, in the exercise of discretion, be denied, especially where the assignee opposes the motion.

The case of *Fox* v. *Peacock* (153 App. Div. 887), also relied upon in opposition to the motion, is not authority to the contrary. In that case, the plaintiffs sued the defendants, and defendants interposed a counterclaim. On the trial, the complaint was dismissed and judgment entered on the counterclaim. The plaintiffs appealed. Five years later (according to the moving papers on file in the Appellate Division), while the appeal was still pending, defendants assigned the judgment, and the assignees moved that they be substituted as parties defendant so that they might move for a dismissal of the appeal for want of diligent prosecution by plaintiffs-appellants. Very properly, in the exercise of discretion, the motion was denied.

It would seem, in principle, that where a plaintiff assigns his cause of action or the judgment thereon absolutely, and the assignee is the only real party in interest, the defendant is entitled to a substitution as a matter of right. But even if that be not so, he certainly is entitled to it as a matter of discretion. In the case at bar, there are even other circumstances that call for the exercise of discretion in favor of the defendant. Here, the plaintiff, as Superintendent of Banks, assigned the judgment to an Arizona corporation. Under the assignment, all proceedings in connection with the appeal are to be taken at the cost and expense of the Arizona corporation. Through mesne assignments, the present assignees own the judgment. Whether these assignees are residents or nonresidents does not appear. Yet they, through their attorney (not the attorney for the Superintendent of Banks), vigorously oppose the motion. Should the judgment be reversed on appeal and the defendant become entitled to costs (Civ. Prac. Act, § 1490), such costs could not, because of the terms of the assignment, be collected from the fund in the possession of the Superintendent of Banks, nor from the Superintendent of Banks personally (see Civ. Prac. Act, § 1500). For all that appears, it may be impossible for the defendant to collect costs, unless the assignees are substituted.

The remaining question, as to whether if a new trial were granted the assignees could proceed with it, seems irrelevant. Here, the judgment was assigned after verdict. The assign-

ment, therefore, did not operate as an assignment of the cause of action (Personal Property Law, § 41, subd. 2). Accordingly, in the event that judgment is vacated or reversed, the assignment becomes inoperative (*Pulver* v. *Harris*, 52 N. Y. 73, 75, 76). It might be that the assignees would be without remedy against the plaintiff, as Superintendent of Banks or otherwise, to recover the amount paid for the judgment. (*King* v. *Miller*, 53 Ore. 53; affd. 223 U. S. 505; 34 C. J., Judgments, § 1000.) But that is quite immaterial. " If one chooses to buy a claim in litigation he necessarily assumes the risk of such litigation " (*Foster* v. *Central Nat. Bank, supra,* at p. 386).

The motion for reargument is, therefore, granted and upon reargument the original decision is adhered to.