SADIE FRISCH, as Assignee of LEO FRISCH, Plaintiff, *v.* ZELART DRUG Co., INC., Defendant.

(Action No. 1.)

City Court of New York, Special Term, New York County, April 21, 1943.

*Henry K. Chapman* for plaintiff.

*Leon Jaffee* for defendant.

MADIGAN, J. Upon the foregoing papers this motion under rule 109 of the Rules of Civil Practice is granted and the first and second defenses, consisting of paragraphs " Fifth " and " Sixth ", are stricken from the answer. The first defense states a conclusion only and, in any event, relates to matters provable under a general denial. The second defense also states a conclusion only; the facts indicating that plaintiff is not the real party in interest have not been alleged. A " mere general averment that plaintiff is not the real party in interest " is insufficient. (Cf. *Keon* v. *Saxton & Co.*, 227 App. Div. 733.) As to the right of an assignee to maintain the action, see generally *Gellens* v. *11 West 42nd Street, Inc.* (259 App. Div. 435) and *Titus* v. *Wallick* (306 U. S. 282).

The defendant contends generally that an action under the Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, § 216, subd. (b)] is not assignable. The statute itself seems to afford no basis for that contention. It does not expressly or by implication forbid assignment of the cause of action. Neither does section 41 of the Personal Property Law of the State of New York prevent an assignment of such a cause of action. Certainly it is not " expressly forbidden by a statute of the state, or of the United States ", nor does it " contravene public policy ".

Plaintiff submits *LaGuardia* v. *Austin-Bliss General Tire Co.* (41 F. Supp. 678, 680) as authority for the contention that a cause of action under the Fair Labor Standards Act is assignable. That case is not, however, authority for that view as it gives effect merely to the provision of subdivision (6) of section 216 of the United States Code that a representative action may be brought in behalf of the employee and all other employees similarly situated. To the same effect is *McNorrill* v. *Gibbs* (45 F. Supp. 363).

Defendant's contention is substantially to the effect that the provision in the Act for recovery of twice the amount of the unpaid overtime compensation and an attorney's fee as well is by way of " penalty " and that, therefore, the cause of action, being for the recovery of a penalty, is not assignable. However, these provisions of the Act have not been construed as providing for a penalty but as providing for liquidated damages (*Overnight Motor Transp. Co.* v. *Missel*, 316 U. S. 572; *LaGuardia* v. *Austin-Bliss General Tire Co., supra; Hargrave* v. *Mid-Continent Petroleum Corp.*, 36 F. Supp. 233, 235).

As the law favors the free assignability of choses in action, whether conferred by statute or otherwise, unless assignment is expressly forbidden by the statute conferring the cause of action or by some other statute or unless the nature of the cause of action is such that there are strong reasons in public policy against its transferability, the court should not read into the Fair Labor Standards Act a restriction against assignment of the cause of action thereby created, for such a cause of action is not personal, as it would or might be if its prosecution depended upon the continuance of the employment. A cause of action under the statute may be brought by an ex-employee.

Defendant may serve an amended answer within six days after service upon its attorney of a copy of this order with notice of entry.