IDA MARCO, as Ancillary Administratrix of the Estate of HARRY MARCO, Deceased, a Stockholder in BLUE RIDGE CORPORATION, on Behalf of Himself and All Other Stockholders Similarly Situated, and on Behalf of Said Corporation, Plaintiff, *v.* ARTHUR SACHS et al., Defendants.

Supreme Court, Special Term, Kings County, July 16, 1951.

*Hurley, Gray & Kearney* for Blue Ridge Corporation and another, defendants.

*David M. Palley* for plaintiff.

*Sullivan & Cromwell* for Arthur Sachs and others, defendants.

BARTELS, J. Motion for substitution of an assignee as a nominal party defendant. This is a stockholder's derivative action based upon alleged wrongs perpetrated on the defendant corporation by the individual defendants as directors. In this case Central States Electric Corporation (hereafter referred to as " Central States "), which is the parent and controlling stockholder of the Blue Ridge Corporation (hereafter referred to as " Blue Ridge "), filed a petition in 1942 in the United States District Court for the Eastern District of Virginia for reorganization under Chapter X of the Bankruptcy Act. (U. S. Code, tit. 11, § 501 *et seq.*) Thereafter a plan of reorganization of Central States and its subsidiary was consummated which provides, among other things, that (1) Central States will transfer most of its assets to the Blue Ridge Mutual Fund, Inc., a

new company, pursuant to an agreement of merger, wherein Blue Ridge would be merged into Blue Ridge Mutual Fund, Inc.; and (2) that prior to the merger, Blue Ridge will segregate and transfer to Ridge Realization Corporation (hereafter referred to as "Realization") certain assets and contingent claims containing, among other things, the claims and demands now being prosecuted in this action on behalf of Blue Ridge. Pursuant to this plan, an assignment was duly executed by Blue Ridge purporting to transfer, sell and assign to Realization all claims which Blue Ridge now has against the codefendants in the present action. It is provided therein that the assignment shall be governed and its terms and provisions shall be construed in accordance with the laws of the State of New York and that Blue Ridge will upon request execute any instruments or further assurances or transfers which may be necessary to confirm the present assignment. Realization also assumes any and all obligations for counsel fees and expenses incurred and unpaid in connection with the prosecution of the action. The assignment was executed in New Jersey on June 13, 1951, for the purpose of saving certain New York State transfer taxes and subsequently, after opposition to this motion, a similar assignment between the parties was executed in New York on June 15, 1951. In exchange for these assets, Realization issued to Blue Ridge 7,422,483 shares of common stock of Realization (which constitute all of its outstanding shares) and Blue Ridge in turn declared a dividend of these shares of Realization to its stockholders at the rate of one share for each share of common stock of Blue Ridge, payable on August 7, 1951. As a result of this transaction all of the shares of the stock of Realization will be owned by the stockholders of Blue Ridge. Accordingly, Realization now moves to be substituted in this action in the place and stead of Blue Ridge, and the plaintiff stockholder has executed a consent to the entry of such an order of substitution.

The movant's position is that the assignment is valid under the laws of the State of New York because it is a grant; that it is a permissible assignment under section 41 of the Personal Property Law (*Frisch* v. *Zelart Drug Co.*, 180 Misc. 733; *Holmes* v. *Camp*, 186 App. Div. 675, affd. 227 N. Y. 635); that the court, under section 83 of the Civil Practice Act relating to the substitution of parties in case of an assignment, should permit the substitution (*Titus* v. *Wallick*, 306 U. S. 282); and, moreover, that the transfer of the interest of Blue Ridge is a formal matter in which the codefendants have no concern (*Smith* v. *Zalinski*, 94 N. Y. 519).

The codefendants, the directors, oppose this motion on the grounds that the assignment is invalid under the laws of the State of New Jersey; that New York will not recognize the same for reasons of public policy; that Blue Ridge is an indispensable party, and that section 61 of the General Corporation Law bars the substitution because the plaintiff was not a stockholder of Realization at the time of the transaction of which she now complains.

For the purpose of this motion the court will assume, without deciding, that the assignment is valid either in New Jersey or in New York, and that in all events it can be validated in view of the clauses of further assurances contained therein. In addition the court does not believe there is any merit in the contention that section 61 of the General Corporation Law prevents a substitution of the parties, if the same is otherwise permissible. This plaintiff was a stockholder at the time the alleged transaction took place and the only question presented here is whether the corporation may assign its claim against the codefendants and thereafter be eliminated from the action by means of substitution of its assignee. It is not believed that any of the cases relied upon by the parties covers the facts of this particular case.

Substitution of assignees has often been permitted in the usual cases of assignments, where the assignor has denuded himself of all interest in the claim. (See *White* v. *Hardy,* 180 Misc. 63, affd. 266 App. Div. 660, and *Burrow* v. *Marceau,* 132 App. Div. 797.) But this is not the usual case of a plaintiff who has assigned his claim to a third person and seeks to have the third person substituted in his place as plaintiff. Nor is this a case of a successor by operation of law because Realization is not a successor to Blue Ridge, although Blue Ridge Mutual Fund, Inc., might be deemed such a successor. In this derivative stockholder's action, a court of equity has opened its doors to permit the action to be instigated and controlled by the stockholder as the nominal party plaintiff for the benefit of the corporation as the nominal party defendant. The form of the action is in reality an invention of equity to set in motion the machinery of justice (*Holmes* v. *Camp, supra*). The corporation, however, is a necessary party and the relief granted is a judgment against third persons in favor of the corporation (*Price* v. *Gurney,* 324 U. S. 100, 105). If the corporation assigns its claim against its directors before suit is instituted, may a plaintiff stockholder bring the action without joining the corporation as a nominal party defendant? Obviously, the assignee of the corporation

cannot initiate or control the action. If under these circumstances the court of equity permits the plaintiff stockholder to institute the action, it shall have extended to the stockholder the right not only to bring an action in behalf of the corporation in which he holds stock but also the right to bring an action for the corporation's assignee. No authority or reason has been cited for such an extension of this unique invention of equity. Certainly it is not required by section 83 of the Civil Practice Act, because that section provides that in case of an assignment " the action may be continued by or against the original party " unless the court otherwise directs. The question of permitting a substitution thus appears to be discretionary. When a corporation assigns the contingent benefits of a derivative action to a third party, the institution and control of the action would be twice removed from the corporation for whose benefit such action was instituted, if a substitution of the assignee were to be permitted. This would be confusing and an unnecessary extension of the equitable principle which permitted the stockholder to bring the action in the first place. While the stockholder may speak for the corporation, no reason has been found nor any authority cited for permitting the same stockholder to speak for the corporation's assignee.

Aside from the anomalous result above mentioned, there is a more serious objection to the substitution. In New York, by statute (General Corporation Law, § 64), officers and directors who are successful in a stockholder's derivative action are entitled to be reimbursed for the costs and expenses of defending the action, although such a right did not exist at common law (*Bailey* v. *Bush Terminal Co., 46 N. Y. S. 2d 877, affd. 267 App. Div. 899, affd. 293 N. Y. 734, 735). This right to reimbursement creates a claim in the successful officers and directors which exceeds the claim of the successful litigant for costs in the ordinary lawsuit. The amount of this claim may be assessed against the corporation by motion in the same action, but if the corporation is not a party to the action the directors are compelled to seek relief by a special proceeding (*Matter of Bailey* [*Bush Terminal Co.*], 265 App. Div. 758). The assessment can be made independently of any charter, by-laws or resolution of the corporation and a vindication upon the merits is not a condition precedent (*Tichner* v. *Andrews,* 193 Misc. 1050). Moreover, the New York statute is applicable to foreign as well as domestic corporations in such derivative actions instituted within the State (*Hayman* v. *Morris,* 37 N. Y. S. 2d 884). Thus, the corporation in this action has obligations as well as rights.

If the plaintiff is successful, the corporation will receive payment from the codefendants after due allowance usually made to plaintiff's counsel. Similarly, if the plaintiff is unsuccessful, the codefendants will be entitled to be reimbursed for their costs and expenses (General Corporation Law, § 64). In this case, the plaintiff by consent has become a party to what might be deemed to be a novation as far as the corporation's obligations to her for costs and counsel fees are concerned. However, the codefendants object and refuse to accept Realization in the place and stead of Blue Ridge with respect to any potential obligations of Blue Ridge to the codefendants for their costs and expenses in the event they are successful. An agreement of a vendee corporation to assume the payment of debts of the vendor corporation is not binding upon a creditor or potential creditor of the vendor corporation unless he accepts the potential, substituted debtor (*Darcy* v. *Brooklyn & New York Ferry Co.,* 196 N. Y. 99; *Cole* v. *Millerton Iron Co.,* 133 N. Y. 164).

If a substitution were permitted in the present action and the codefendants were successful, they could not make a motion in this action to have their costs and expenses assessed against Blue Ridge. They would be compelled, first, to obtain jurisdiction over Blue Ridge and, secondly, to bring their action by a special proceeding. True they might be able to pursue Realization, but Realization obviously is not in the same financial condition as Blue Ridge. Under the circumstances, there seems to be no reason or precedent for imposing upon these codefendants this burden (*Fox* v. *Peacock,* 153 App. Div. 887). The suggested substitution in this case is not necessary to the effectuation of the plan of reorganization of Blue Ridge and Central States. Such plans are not unusual and do not necessitate a change of parties in any pending litigation, however desirable such change may be.

Weighing the equities in the case, this court believes that the substitution should not be permitted. However, in view of the purported assignment of claim which if invalid can be validated, Realization appears to have an interest in this proceeding. While substitution may not be proper, there is no reason why, under the prayed for " such other and further relief ", the court should not permit Realization to be joined as a nominal party defendant. Settle order on notice in accordance with the above.