SCHOOL OF SPEEDWRITING, Inc.
v.
FEENER BUSINESS SCHOOLS, Inc.
and
Carleton L. Feener.
Civ. A. No. 52–667.

United States District Court
D. Massachusetts.

Feb. 17, 1956.

Order Affirmed June 15, 1956.
See 234 F.2d 1.

of the sickness not being revealed nor supported by any medical affidavit. Other testimony included the evidence given by Dr. Alexander Scheff, President of the plaintiff corporation, two of his counsel, George Blake, Esq., of New York, and Lawrence R. Cohen, Esq., of Boston, and Miss Cynthia Albert, who serves as a secretary-stenographer in Mr. Cohen's office.

From Exhibit 1–A, B and C it appeared that on recent date there have been inserted in Boston newspapers of general circulation advertisements of the defendant corporation, which according to Mrs. Feener, were representative of the defendant's advertisements. In these advertisements it is quite clear that the word Speedwriting is commonly emphasized by a black or heavier type, but it is also accompanied in the course of the advertisement by the statement that "The course of resident instruction in speed writing being offered by the school employs and refers to books and other material published by 'The School of Speedwriting.' "

Samuel P. Sears and Lawrence R. Cohen, Boston, Mass., for plaintiff.

John R. Ambrogne, Boston, Mass., for defendant.

WYZANSKI, District Judge. (delivered orally from the bench at the conclusion of the evidence).

This case comes before me upon three motions, the first two being motions by the plaintiff, one for contempt against the corporation and the individual defendant, the other being for modification of a final decree entered by this Court on July 20, 1954 and subsequently affirmed by the Court of Appeals for the First Circuit, 220 F.2d 747. Defendant's motion is for modification of the same decree.

Evidence was taken in open court today and testimony was heard from Margaret I. Feener, the clerk of the corporate defendant and the wife of the individual defendant, who, according to her testimony, is sick at home, the nature

Upon taking the stand Mrs. Feener made it quite plain that at no time since the original decree was entered by this Court has any student of the defendant corporation in fact been given a course in Speedwriting. The defendant corporation does not have on hand any manuals or books for the teaching of Speedwriting. The defendant corporation has not even as yet determined whether if a student did enroll in such a course the manuals would be supplied under the general charge for the course or would be separately priced. Moreover, on the testimony given by Dr. Scheff, who made a diligent examination of book stores in Cambridge and in Boston, it appears that there are not available in the metropolitan community of Boston, at least on short notice, copies of the manuals and books which are published by the School of Speedwriting, Inc., and which are the kind of books essential if a genuine course in Speedwriting is to be given.

On January 24, 1956, following telephone calls to someone, perhaps a re-

ceptionist, at the defendant corporation's place of business, Miss Albert appeared on the premises of the defendant corporation at 12 Huntington Avenue, Boston, Massachusetts, and while there she saw Mrs. Feener. Both persons recall the interview. Both agree that during the course of the conversation there was a discussion both of the ABC writing system and the Speedwriting System. If it were important for me to decide which of the two witnesses had correctly recalled the interview, I find as a fact that Miss Albert's recollection is the accurate one and Mrs. Feener's is manifestly false. But it is perhaps unnecessary to rely upon that finding because Mrs. Feener herself admitted that there was a discussion of Speedwriting, that there was no disclosure to Miss Albert that up to the present time no arrangements had been made which would make it possible at once to initiate a course in the subject.

Upon the basis of the foregoing subsidiary finding, it is plain beyond controversy that there has been what is in effect a misrepresentation made by the defendant corporation. For on the face of its advertisements any reasonable person would assume that the defendant was prepared at once and forthwith to give instructions in Speedwriting and that it had at least determined on the prices to be charged in connection with the books to which it refers in the advertisement, and perhaps already had such books either on hand or readily procurable from a neighboring book store.

Moreover, and quite apart from what has been said in the last paragraph, the form in which the advertisement appeared (while it might under some circumstances be thought to be a compliance with the very letter, though not the spirit, of the earlier decree entered by this Court) is plainly intended to be deceptive when taken in connection with the fact that no students have indeed ever been given since the date of the decree a Speedwriting course at the defendant's school, and that in all probability if Miss Albert is correct, as I believe she is,

students who come to or write to the school with respect to Speedwriting either are left unanswered or are by gentle or other pressure diverted into taking other courses than Speedwriting courses.

In the light of these facts it is quite plain, first of all, that there has been a violation of the decree, second, that there has been a fraudulent attempt both to circumvent the purposes and spirit of the decree and to defeat the plaintiff's reasonable business expectations and, third, that since the decree is apparently leading the defendant to act since the decree in a way quite contrary to what the decree was intended to reach, it becomes necessary, following the principles applied, for example, in United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999, to modify the decree to prevent further misconduct of the kind which has occurred since the entry of the original decree.

I, therefore, do grant the plaintiff's motion for modification of the final decree in exactly the form in which the motion is presented, and I deny the defendant's motion for modification of the final decree.

I also find as a matter of fact and rule as a matter of law that the plaintiff is entitled to prevail on the motion for contempt directed against Carleton L. Feener individually and against the defendant corporation. In this connection it becomes appropriate and necessary for me to estimate the amount which is a proper payment by way of compensation to which plaintiff is entitled because of the contumacious conduct of the defendant which has injured the plaintiff.

I am satisfied that the following items of damage are reasonable and appropriate and duly recoverable by the plaintiff forthwith. First, the plaintiff is entitled to recover the expenses which the president of the plaintiff corporation incurred in the course of a reasonable investigation and consultation with counsel. The plaintiff's president estimates this amount at three days at $200 a day or a total of $600. It does not seem to me that this is unreasonable.

With respect to counsel fees, Mr. Blake of New York, on the basis of 75 to 100 hours of work and disbursements in connection therewith asks for a quite modest $1,000, and this seems to me to be thoroughly reasonable and should be included. Mr. Cohen, who estimates that he has spent in the neighborhood of 35 hours in preparation, has engaged in a search of the law, has appeared before this Court on three occasions, twice before today as well as today, estimates the reasonable compensation for his services and disbursements at another $1,000, and this I also regard as reasonable. Mr. Sears, who has argued the matter before the Court, and who has acted as barrister in presenting the evidence and the like, has submitted no estimate, but I place the reasonable value of the services he has rendered as barrister at $250. Adding the total of all these items I adjudge $2,850 as the amount which the plaintiff is now entitled to recover by way of compensation for the damages inflicted by the contumacious conduct of the defendant. Decrees appropriate to this end may be drafted by the plaintiff.