**FEENER BUSINESS SCHOOLS, Inc., et al., Appellants,**

v.

**SPEEDWRITING PUBLISHING COM-PANY, Inc., Plaintiff, Appellee.**

**No. 5260.**

United States Court of Appeals
First Circuit.

Nov. 22, 1957.

---

John P. Nalty, Boston, Mass., for Feener Business Schools, Inc., appellant.

Carleton L. Feener, pro se, appellant.

Lawrence R. Cohen, Boston, Mass., Samuel P. Sears and Brickley, Sears & Cole, Boston, Mass., on the brief for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Back in 1952, School of Speedwriting, Inc., a New York corporation, filed its complaint in the United States District Court for the District of Massachusetts against Feener Business Schools, Inc., a Massachusetts corporation. At this time School of Speedwriting, Inc., was a wholly owned subsidiary of Speedwriting Publishing Company, Inc., also a New York corporation. On July 20, 1954, the district court entered a final decree ad-judging that plaintiff "has had and now has a valid common law trade-mark and trade name known as 'Speedwriting' which is a coined original word. This common law trade-mark and trade name covers a type of service with a central source of origin, to wit, plaintiff and its publications"; and also adjudging that defendant has "infringed upon plaintiff's common law rights and fraudulently marketed its services and such use of plaintiff's trade-mark constitutes dilution of plaintiff's trade-mark rights." Wherefore, the final decree of July 20, 1954, enjoined the defendant, "its officers, agents, servants and employees," from using either of the terms "Speedwriting" or "Speed Writing" or any variation thereof directly or indirectly. On appeal that decree was affirmed by this court. 1955, 220 F.2d 747.

At this point it may be noted that Carleton L. Feener, principal officer of Feener Business Schools, Inc., was not a party individually to the original action in which his corporation was named as sole defendant. However, the injunction of July 20, 1954, was, by its terms, binding upon Carleton L. Feener as an officer of defendant corporation.

In February, 1956, two motions were filed in the district court on behalf of the named plaintiff, School of Speedwriting, Inc.—one asking for an order for damages in civil contempt against Feener Business Schools, Inc., and against its principal officer Carleton L. Feener, and another asking for a modification of the final decree of July 20, 1954, by deleting the sixth paragraph thereof. Subsequently the district court 139 F.Supp. 110 entered separate orders on the two motions. The order on contempt found that both respondents were in contempt of the court's final decree of July 20, 1954, and concluded with an order that "all of the costs and expenses of the plaintiff arising upon the prosecution of this rule for contempt be paid by the said defendants, Carleton L. Feener and Feener Business Schools, Inc., in the total sum of Twenty-Eight Hundred Fifty ($2,850.00) Dollars, which sum

shall be paid to the plaintiff at the office of its attorneys in Boston in or within twenty (20) days from the service of this order of contempt". The so-called "modified final decree", also entered on February 27, 1956, reissued the original injunction, with the elimination of paragraph 6 thereof. On appeal we affirmed the order for contempt and the modified final decree. Feener Business Schools, Inc., v. School of Speedwriting, Inc., 1 Cir., 1956, 234 F.2d 1.

In our Per Curiam opinion filed in the foregoing case, we concluded with the following statement:

"Appellants have submitted for filing a document which they call a Reply Brief. For the most part it is not really a reply brief, but it contains photostats of documentary material intended to establish that the plaintiff below, School of Speedwriting, Inc., has ceased to exist as a legal entity. We have allowed this so-called Reply Brief to be filed; but we shall not undertake to determine whether, by the effect of the corporate merger referred to, the School of Speedwriting, Inc., has ceased to exist, or whether the continuing corporation, Speedwriting Publishing Company, Inc., should be substituted in its stead as party plaintiff. When the case gets back to the district court, of course that court will be free to entertain an appropriate motion under Rule 25 (c), F.R.C.P."

Some time then elapsed during which the Supreme Court considered and denied a petition for certiorari. 1956, 352 U.S. 942, 77 S.Ct. 264, 1 L.Ed.2d 238.

Subsequently, after the case got back into the district court, counsel for plaintiff filed a motion "that Speedwriting Publishing Company, Inc. be substituted as plaintiff herein as of May 23, 1955." The motion stated that on principle "this motion should be allowed nunc pro tunc, to preserve the continuity of this action and the rights of the plaintiff."

After a hearing on the plaintiff's motion for substitution, the district court on April 2, 1957, entered its order, which we quote in full as follows:

"A hearing on the Plaintiff's Motion for Substitution of Corporate Plaintiff was held on March 8, 1957. On that occasion the plaintiff produced sworn or undisputed evidence of the following facts which are adopted as findings of this Court:

"Prior to May 2, 1955, School of Speedwriting, Inc. was a wholly owned subsidiary of Speedwriting Publishing Company, Inc. On that date, Speedwriting Publishing Company, Inc. in accordance with its charter, by-laws, and the laws of the State of New York, voted to merge with the School of Speedwriting, Inc. and, on May 23, 1955, the necessary documents to accomplish this purpose were filed with the Department of State of the State of New York. Certified copies of the documents of merger and filing were introduced as an exhibit. They were the same in all respects as the photostatic copies which are attached to the Plaintiff's Motion and marked Appendix 'A'.

"The fact of the merger, inadvertently, was not immediately revealed to the attorneys for the plaintiff in the instant case.

"As a result of the merger which was voted on May 2, 1955, Speedwriting Publishing Company, Inc. succeeded to all the rights, assets and liabilities of the School of Speedwriting, Inc., including all patent, trade-mark, copyright, or common law rights in the mark which plaintiff has sought to protect and still seeks to protect in this case. The Speedwriting Publishing Company, Inc. has been the real plaintiff in interest in this case at least since May 23, 1955.

"It is Ordered that Speedwriting Publishing Company, Inc. be and it is hereby substituted as the plaintiff in this cause in the place and stead of School of Speedwriting, Inc., as of May 23, 1955, without

. prejudice to the proceedings heretofore had herein."

The motion for substitution of corporate plaintiff was filed in the original action in the district court (Civil Action No. 52–677), in which School of Speedwriting, Inc., brought suit against Feener Business Schools, Inc., as sole defendant. Therefore it may perhaps be wondered how Carleton L. Feener individually has any standing to appear in this court as an appellant from the order of the district court entered April 2, 1957. However, that order allowed the substitution nunc pro tunc, "as of May 23, 1955, without prejudice to the proceedings heretofore had herein." It would seem, then, that the purpose and effect of the order of April 2, 1957, were, among other things, impliedly to modify the contempt order of February 27, 1956, directed both against Feener Business Schools, Inc., and against Carleton L. Feener as its principal officer. Hence, though the situation is no doubt peculiar, we shall assume in Feener's favor that he has standing to appear as an appellant from the said order of April 2, 1957.

But on the merits, we perceive nothing the matter with the said order. Only the sheerest technicality was involved in the order of substitution, whereby the parent corporation, having absorbed its wholly owned subsidiary by merger, was allowed to be substituted nunc pro tunc for the original nominal plaintiff in this case. See Burrow v. Otto Sarony Co., 1909, 132 App.Div. 797, 117 N.Y.S. 537; United States v. United States Vanadium Corp., 10 Cir., 1956, 230 F.2d 646, certiorari denied, 1956, 351 U.S. 939, 76 S.Ct. 836, 100 L.Ed. 1466. We cannot see that the substitution would involve Feener Business Schools, Inc., or Carleton L. Feener individually in any possible prejudice. We are unable to say that the district court committed any abuse of discretion in entering the order of substitution as it did on April 2, 1957.

A judgment will be entered affirming the order of the District Court.