BEATRICE S. MAJOR *vs.* STATE STREET BANK AND TRUST COMPANY.

Suffolk. October 8, 9, 1963. — November 6, 1963.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Trust,* Bank as trustee. *Bank and Banking. Merger. Words,* "Merged with."

A provision of a declaration of trust, made in 1933, for appointment of a new corporate trustee in case a corporate trustee should be "absorbed by, merged with, or controlled by any other banking institution" was applicable where a trustee bank pursuant to certain statutes united with a substantially smaller bank under an arrangement whereby the trustee bank was the surviving constituent bank and all the property of the smaller bank was transferred to it.

BILL IN EQUITY filed in the Superior Court on February 27, 1962.

The suit was reported by *Beaudreau, J.*

*Harold M. Willcox* for the plaintiff.

*James C. Heigham* for the defendant.

WHITTEMORE, J. The issue on this bill for declaratory relief, reported from the Superior Court, is whether upon consolidation in 1961 of State Street Bank and Trust Company (State Street Bank) with Rockland-Atlas National Bank (Rockland-Atlas Bank), under G. L. c. 172, § 44, and c. 156, § 46B, and 12 U. S. C. §§ 214–214c, 321 (1958), the State Street Bank was "absorbed by, merged with, or controlled by any other banking institution" so that, pursuant

to the provision of a declaration of trust made in 1933, under which, in 1961, State Street Bank was a successor corporate trustee, a majority of the adult beneficiaries of the trust might thereupon appoint a new successor corporate trustee. The facts are set out in a statement of agreed facts.

By the consolidation, State Street Bank became the surviving constituent bank and all the property of Rockland-Atlas Bank was transferred to it. The respective total assets of the combining banks (as of December 31, 1960), were: (in round figures) State Street Bank, $450,000,000; Rockland-Atlas Bank, $144,000,000. Of the new board of twenty-five directors, thirteen immediately previously had been directors of State Street Bank and six came from the Rockland-Atlas Bank board. The new president had been the president of Rockland-Atlas Bank, but the chairman of the board of directors and the chairman of the executive committee had been officers of State Street Bank. The vice-president in charge of the personal trust division of State Street Bank remained in the same office. The new trust committee of twelve included seven members of the former trust committee of State Street Bank, its former president, one member from the trust committee of the Rockland-Atlas Bank and three of its former directors. The trust officer primarily concerned with the trust remained with the continuing bank and was senior trust officer when he retired in August, 1962.

The 1960 annual report of Rockland-Atlas Bank had stated that its primary function was as a commercial bank. The 1960 reports of each of the combining banks referred to the votes of the respective boards of directors of December 20, 1960, which authorized the combination as the year's "outstanding event in the affairs of . . . [the] bank."

Conceivably the settlor intended to limit the meaning of "merged" to that indicated in the definition of a technical legal merger: "[t]he uniting of two or more corporations by the transfer of property to one of them, which continues in existence . . . ." 15 Fletcher on Corporations (1961 ed.) pp. 9–10. If so, the words "merged with" appropriately

describe the 1961 combination. There was undoubtedly a merger in the technical sense. It is insignificant that the statute (G. L. c. 156, § 46A–46E, inserted by St. 1941, c. 514, § 2) in § 46B, calls a joining of independent corporations, even though under the charter of one of them, a consolidation and, in § 46A, calls the combination between a corporation and a wholly owned subsidiary a merger. Fletcher, *ibid.* p. 8. The statute governing mergers and consolidations was not in effect in 1933, so its terminology could not have guided the settlor. It is appropriate to refer to the technical merger of two banks as the merger of each with the other. For examples of references to the surviving corporation as being "merged with" the absorbed corporation, see *Feener Business Schs. Inc.* v. *Speedwriting Publishing Co. Inc.* 249 F. 2d 609, 611 (1st Cir.), 53 Harv. L. Rev. 877.

The defendant urges that the bracketing words "absorbed by" and "controlled by" tend to limit "merged with" to combinations where the named trustee would "become subordinate to or swallowed up" by a "probably larger bank," with the result that strangers to the existing administration of the trust would take it over.

We may assume a motive to provide against such a change. But new policies and personnel are likely whether, on combining, the bank which is trustee absorbs the other, or vice versa. This motive indicates, not the defendant's narrow construction, but rather that which, within the limits of the usual meanings of the words used, provides most broadly against the contemplated risk.

The implication in the order of the words "absorbed by, merged with, or controlled by" is, on the other hand, at best uncertain. Furthermore, as the plaintiff points out, if the settlor intended only the instances where the named trustee was "merged into" another bank it would have been appropriate to have used these words. Also, the term "merged with," if limited in this way, might mean no more than "absorbed by."

Although, strictly, it is not necessary to do so, it is appropriate to rule that, in our view, the word "merged" as

used by the settlor includes not only a technical merger but also a technical consolidation, that is, a union in a newly formed corporation and the termination of the old corporations. 15 Fletcher on Corporations (1961 ed.) p. 8. A dictionary definition of "merge" includes: "cause to combine, unite, or coalesce (planned to merge the two companies)." There is no indication of the use of language by the settlor in a technical sense. No reason is apparent for specifying only those combinations in which only one of the combining banks is legally absorbed and loses its corporate identity. New policies are at least as likely in consolidations as in mergers. The implicit purpose to provide for a new trustee in the event of structural changes likely to affect the administration of the trust is controlling.

The disparity in size between the merging banks has not made the merger insignificant. What actually happens to the trust management when the merger is implemented is irrelevant. The settlor spoke in terms of change in corporate structure or ownership.

A decree is to enter in the Superior Court declaring that because in 1961 State Street Bank merged with Rockland-Atlas Bank the designated beneficiaries may appoint a new successor corporate trustee. The plaintiff is to have costs of this report.

*So ordered.*