LOUIS TICHNER et al., Plaintiffs, and CLAIRE FRIEDMAN, Intervener, Plaintiff, *v.* JAMES W. ANDREWS et al., Defendants.

Supreme Court, Special Term, New York County, January 14, 1949.

*Abraham L. Pomerantz* and *Samuel M. Koenigsberg* for plaintiffs and intervener, plaintiff.

*Webster, Sheffield & Horan* for James W. Andrews and others, defendants.

*Simpson, Thacher & Bartlett* for Liggett & Myers Tobacco Company, defendant.

HECHT, J. This is a motion by individual defendants in a derivative stockholder's action pursuant to article 6-A of the General Corporation Law for an assessment against the corporate defendant of the reasonable expenses, including attorneys' fees, of said individual defendants claimed to have been actually and necessarily incurred by them in connection with the defense of the action.

The action was dismissed by reason of the failure of the plaintiffs to comply with an order requiring them to furnish security pursuant to section 61-b of the General Corporation Law in the sum of $75,000.

In opposition to this motion the attorneys for the plaintiffs contend that the expenses were not necessarily incurred as required by section 64 of the General Corporation Law because the motion for security for costs could have been made at the outset of the litigation before most of the expenses were incurred. Section 61-b provides, however, that the motion for security for costs may be made " at any stage of the proceedings before final judgment ". In the papers before the court there is insufficient basis for a holding that the motion should have been made much earlier than it actually was made. Moreover, the motion for security for costs must be made by " the corporation in whose right such action is brought ". The individual defendants who are making the present motion are represented by attorneys other than those who represent the corporation. The delay of the attorneys for the corporation in making the motion for security for costs is not chargeable to the individual defendants.

The attorneys for plaintiffs also urge that the motion may not be granted because the applicants were not " successful in whole or in part " as required by section 67 of the General Corporation Law. They maintain that the dismissal of the action for failure to furnish security for costs is not equivalent to a determination that the defendants were successful in whole or in part. Prior to the enactment of article 6-A in 1945 (L. 1945, ch. 869) sections 27-a and 61-a of the General Corporation Law contained provisions relating to the assessment of attorneys' fees and expenses against a corporate defendant in favor of defendant directors. Section 27-a provided that the charter or by-laws or specific resolution of a corporation might provide for indemnity to a director against expenses actually and necessarily incurred in connection with the defense of an action

" except in relation to matters as to which he shall be adjudged * * * to be liable for negligence or misconduct ". Section 61-a provided for the assessment of the reasonable expenses of a party defendant in connection with the successful defense of an action independent of a provision for such relief in the charter, by-laws or resolutions of the corporation, but contained no language similar to the language above quoted from section 27-a, and it was, therefore, possible to argue plausibly that in order to be entitled to obtain relief under section 61-a, a defendant was required to show more than the absence of an adjudication that he was liable for negligence or misconduct, the test imposed by section 27-a.

Section 64 of the General Corporation Law, one of the sections comprised within article 6-A, provides that any person made a party to an action, suit or proceeding by reason of the fact that he is or was a director, officer or employee of a corporation shall be entitled to have his reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action, suit or proceeding, etc., assessed against the corporation " except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer, director or employee is liable for negligence or misconduct in the performance of his duties." The purpose of this section was to broaden the scope of former section 61-a " in order to make it consistent with section 27-a " (1945 Report of N. Y. Law Revision Commission, p. 136) which was amended and renumbered as section 63. The purpose of the Legislature thus appears to have been to authorize an assessment of expenses except in the single instance where there had been an adjudication that the applicant was liable for negligence or misconduct in the performance of his duties. The fact that section 67 of the General Corporation Law authorizes the granting of an application for assessment of expenses even in a case where there has been a settlement approved by the court indicates that a vindication on the merits is not a condition precedent to the granting of an application for an assessment of expenses.

For the reasons indicated the motion is granted. The amount of the expenses allowed by the court will be fixed in the order to be entered herein. Settle order.