THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PASQUALE VARRIALE, Appellant.— Defendant appeals from an order of the County Court of the County of Kings denying his motion "for an order suspending the operation of" a sentence imposed on him by the said court on May 8, 1941, as a second offender, upon conviction of the crime of attempted robbery in the third degree, to serve a term of five to ten years. To quote from defendant's affidavit in support of the motion, the application was "addressed to the Court's discretion and mercy." Although the order and the notice of appeal recite that the motion was also to vacate and set aside the judgment of conviction, it was not for any relief other than as above quoted, and it must be regarded only as one for resentencing. Appeal dismissed. An order denying a motion for resentencing is not appealable. (*People* v. *Mellon,* 261 App. Div. 400; Code Crim. Pro., § 517.) Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

ROMAN CATHOLIC CHURCH OF OUR LADY OF THE CENACLE et al., Respondents, v. CITY OF NEW YORK, Appellant.— In an action at law against the City of New York to recover damages for change of grade as a result of the construction by the State of New York of sections of Van Wyck Expressway in New York City, pursuant to article XII-B of the Highway Law, the defendant appeals from an order denying its motion to dismiss the complaint for failure to state a cause of action. Order reversed on the law, with $10 costs and disbursements, and motion granted, without costs. Damage caused by a change of grade to real property abutting on a street is *damnum absque injuria,* in the absence of legislation authorizing such damages. (*Sauer* v. *City of New York,* 180 N. Y. 27, affd. 206 U. S. 536.) The parties are agreed that the board of assessors of the city of New York cannot award damages for change of grade to the respondents because the work of construction was not performed by the city. (Administrative Code of City of New York, § 307a–3.0; cf. *Matter of Young* v. *Kracke,* 262 App. Div. 67, affd. 287 N. Y. 634.) Subdivision 3, *et seq.,* of section 349-c of the Highway Law does not expressly or impliedly create an independent cause of action against the City of New York for damages by reason of a change of grade caused by construction of a highway. The omission from the provisions of section 349-c relating to the City of New York of an assumption of liability by the State for damages to property not taken for highway construction, such as is contained in subdivision 15 of section 30 of the Highway Law, and the failure to specify any court other than a condemnation court, indicate that the City of New York is required to save the State harmless from claims by reason " of the adverse effect of construction on adjacent property values " only where such claims arise as the result of consequential damages to the remainders of properties, parts of which are taken for a highway. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.