MAE DIAMOND, as a Director and Stockholder of JAROLD SHOPS, INC., Suing on Behalf of Herself and the Right of Said Corporation, Plaintiff, *v.* EVELYN DIAMOND et al., Defendants.

Supreme Court, Special Term, New York County, November 27, 1951.

*Jay Leo Rothschild* for defendants.

*Percival E. Jackson, Norman P. S. Schloss* and *Milton Olewe* for plaintiff.

Di Falco, J. The individual defendant moves, pursuant to article 6-A of the General Corporation Law, for an order assessing against the corporate defendant, the reasonable expenses (including attorneys' fees) of the individual defendant, incurred in the successful defense of a derivative stockholder's action.

The individual defendant also moves for an additional allowance, pursuant to sections 1513 and 1514 of the Civil Practice Act.

The trial of the case occupied three weeks, and undoubtedly entailed unusual preparation and the solution of difficult questions of fact and of law. The nature of the case, and the issues presented — resolved by a decision for defendants, dismissing the complaint on the merits — appear from the opinion of the court, heretofore filed (200 Misc. 1055).

Plaintiff opposes the application in both aspects. In opposition to any award of expenses and counsel fees, plaintiff asserts that, since judgment was rendered, dismissing the complaint, because plaintiff participated in that of which she complained, there was no exoneration of the individual defendant, and, therefore, that the individual defendant is not entitled to the benefit of article 6-A of the General Corporation Law. In opposition to the application for an extra allowance, plaintiff asserts that the court is likewise without power, because the record does not show the value of the subject-matter involved.

On both propositions, the contentions of plaintiff are incorrect.

As to article 6-A: Plaintiff predicates her contention that the court may not make an award to defendant, upon the authority of *Dornan* v. *Humphrey* (100 N. Y. S. 2d 684). But that case, in an opinion which is dispositive of the issue here presented, was reversed by the Appellate Division of the Fourth Department (278 App. Div. 1010, 1011). The reasoning of *Tichner* v. *Andrews* (193 Misc. 1050) also supports the application. Furthermore, not only on authority, but on principle, plaintiff's contention is without merit. This conclusion follows from the history of the underlying statute law, as well as from an analysis of the foregoing authorities and of the present statutes.

The precursors of the present article 6-A of the General Corporation Law were sections 27-a and 61-a of the General Corporation Law, as it was prior to April 18, 1945 (L. 1945, ch. 869), when the said law was amended to read as it does

today. The original enactments followed the institution of many stockholders' actions, which involved corporate fiduciaries in substantial expenses incurred in defending them. The Legislature concluded, after unsatisfactory efforts by the courts to provide for indemnity to said fiduciaries, that remedial legislation should be enacted. Accordingly, in 1941 (L. 1941, chs. 209, 350), sections 27-a and 61-a were enacted. In 1944 (L. 1944, ch. 711), section 27-a was amended. To quote from the recommendation of the Law Revision Commission to the Legislature (1945 Report of N. Y. Law Revision Commission, p. 139):

" The two statutes have the same general objective but differ considerably in their application, scope and detailed provisions. Thus, section 27-a provides for indemnity by contract embodied in the certificate of incorporation or other certificate filed pursuant to law, or in a by-law or resolution. The indemnity may relate to expenses incurred ' in connection with the defense of any action, suit or proceeding '. It is applicable only to a New York corporation. The scope of the indemnity which may be provided is subject only to the limitation that indemnity shall not relate to matters as to which a director or officer shall be adjudged liable for negligence or misconduct in the performance of his duties. The section provides no statutory machinery for fixing the amount to which a particular defendant may be entitled. It preserves any right of indemnity to which a defendant may be entitled under a certificate of incorporation, other certificate filed pursuant to law, by-law, agreement, vote of stockholders or otherwise, and specifically permits provision for indemnification in a certificate of incorporation, other certificate filed pursuant to law or by-law ' not inconsistent with this section or with any other corporate law '.

" Section 61-a, on the other hand, is couched in procedural language and is in terms applicable to any corporation, domestic or foreign. Under it, a court sitting in the State of New York may award ' special costs ' in so-called derivative actions where the defense has been wholly or partly successful or where the case has been settled with the approval of the court."

As pointed out in *Tichner* v. *Andrews* (*supra*, p. 1052) with respect to the former statutes: " Section 61-a provided for the assessment of the reasonable expenses of a party defendant in connection with the successful defense of an action independent of a provision for such relief in the charter, by-laws or resolutions of the corporation, but contained no language similar to the language above quoted from section 27-a, and it was, there-

fore, possible to argue plausibly that in order to be entitled to obtain relief under section 61-a, a defendant was required to show more than the absence of an adjudication that he was liable for negligence or misconduct, the test imposed by section 27-a.''

To remedy this difference between the two procedures, according to the Law Revision Commission recommendation (*supra*, pp. 139–140): '' The proposed act is designed to make the two statutes consistent so far as possible, having due regard to the basic difference in their theory, and to make available a simple and flexible machinery by which an official of a corporation either domesic or foreign, subjected to the expense of litigation, may obtain reimbursement therefor in a manner calculated to protect his interests and those of the corporation involved.''

As well summarized in the *Tichner* case (*supra*, p. 1052), referring to the present section 64 (replacing the former § 61-a): '' The purpose of this section was to broaden the scope of former section 61-a ' in order to make it consistent with section 27-a ' (1945 Report of N. Y. Law Revision Commission, p. 136) which was amended and renumbered as section 63. The purpose of the Legislature thus appears to have been to authorize an assessment of expenses except in the single instance where there had been an *adjudication* that the applicant was *liable* for negligence or misconduct in the performance of his duties. The fact that section 67 of the General Corporation Law authorizes the granting of an application for assessment of expenses even in a case where there has been a settlement approved by the court indicates that a *vindication* on the merits is not a condition precedent to the granting of an application for an assessment of expenses.'' (Italics supplied.)

The result is that two separate and independent procedures are now available — one, affording indemnity by contract, through prior corporate authorization; the other, affording said indemnity through court order. Contract indemnity excludes a case in which the fiduciary is adjudged liable for negligence or misconduct in the performance of his duties. And so does the judicial remedy, by court order, as well. It should be noted, however, that, in both procedures, the exclusion from the right to indemnity is only where it has been '' adjudged '' that the fiduciary is '' *liable* '' (italics supplied) for negligence or misconduct in the performance of his duties. There has been no such *adjudication* of *liability* of the individual defendant, in this case.

The exception just described is the only one contemplated by the statute, by reason of the nature of the liability asserted in the action, and determined by the judgment rendered therein. The additional prohibitions contained in section 67 — i.e., " (i) that the law of the state of incorporation of the corporation prohibits such indemnity or assessment, or (ii) that the award would be inconsistent with any action of the stockholders or members of the corporation taken prior to and in effect at the time of the accrual of the alleged cause of action; or (iii) if there has been a settlement approved by the court, that the award would be inconsistent with any condition with respect to payment of indemnity or assessment of expenses expressly imposed by the court in approving such settlement " — concern themselves with circumstances outside of and collateral to the claim asserted, its nature, and its disposition. They were inserted in the statute so that the procedure by court order (§ 64) should be, in all respects, consistent with the laws of the State of the corporation's organization, procedure by prior corporate authority, or contract, or any prior judicial disposition — all as evidenced by the amendment of section 64 to conform with section 63. These additional exceptions were formulated to insure that there would be no court action, in the procedure by order, which would be inconsistent with these collateral standards. The requirements of section 64 may be described as internal conditions of the right to indemnity because they are governed by the provisions of the judgment in the action; those of section 67, as external prohibitions, because they are governed by considerations other than what is provided in the judgment. None of the latter has any application here. The court has no authority to supplement the statute by addition of another internal or external exception.

The same conclusion follows if solution of the problem be approached from the point of view adopted by the Fourth Department, Appellate Division, in *Dornan* v. *Humphrey* (*supra*). It will be observed that the present section 64 (treating of assessment by court order), like the present section 63 (treating of assessment by corporate authorization), does not employ the word " successful ". In both instances, the right to indemnity is general, without limitation, subject only to one exception, i.e., " except in relation to matters as to which it shall be *adjudged* in such action, suit or proceeding that such officer, director or employee is *liable* for negligence or misconduct in the performance of his duties. " (Italics supplied.) It is only

in the present section 67 — applicable to both procedures — that it is provided that " If after hearing an application for payment or for assessment of expenses, the court shall *find* that the applicant * * * was *successful* in whole or in part * * * the court shall grant such application " (italics supplied). In the decision of the Official Referee, whose decision was reversed by the Appellate Division in the *Dornan* case, it was held (100 N. Y. S. 2d 684, 691, *supra*) that section 64 — which states the basic rule of indemnity — must be read " in the light of the provisions of Section 67 ", and that, so read, " there should be a judicial exoneration on the facts and merits of the issues of the stockholders' action ". The Official Referee thus confused the internal definition of the right, contained in section 64, with the provisions for its implementation, and the additional external conditions, contained in section 67. In so doing, the learned Referee thought it significant (p. 691) that the study annexed to the recommendation of the Law Revision Commission, contained the observation that " ' there may be some question as to whether, in a case where defendants are relieved of liability solely because of the statute of limitations, indemnity should be provided ' ", but overlooked the succeeding statement (p. 162) : " On the other hand, the statute may simply be the most easily demonstrable defense against a groundless claim. " More important, the learned Referee also overlooked that the study concerned itself with the then existing statute, and not with the proposed amendments, now law. Whatever doubts the annotator thus expressed, the commission resolved in its recommendation of the new statute, and the Legislature confirmed, by its enactment of it. The Appellate Division, in reversing the decision of the Official Referee, met the issue squarely, when it held (p. 1011) : " We think the word 'successful' as used in section 67 was not intended to include only those cases in which defendant directors have been exonerated of claims of negligence and misconduct. The word has been defined as follows: 'Gaining or having gained success; having the desired effect; resulting or terminating in success; the obtaining or terminating in the accomplishment of what is desired, intended, or aimed at.' (60 C. J., p. 983.) Under this definition, as well as the common usage of the word, it appears that the defendants are, under the statute, entitled to have their 'reasonable expenses' assessed against the corporation and that the court erred in refusing to fix the amounts. "

The effect of that ruling was properly to relate section 64 and section 67. Section 67 does not limit section 64, but implements it. Just as, only from the judgment may it be ascertained whether defendant was " adjudged " " liable ", so it is only when judgment is about to be entered, in a case in which the application is made, as contemplated (see § 65), before entry of judgment, that the court may ascertain, from its *findings,* what that judgment will adjudicate. The word " find ", in section 67, is a word of art. What the court may " find ", is what it decides in its decision; and what it may incorporate in the judgment is limited by that decision. If the application is made after judgment, it is the judgment which is decisive. Whether a defendant is " successful " or not, is not an abstract question, nor one predicated upon ethics or morals, but a relative concept, as between the parties to the litigation, to be appraised in the light of the outcome of that litigation, as reflected in the decision and judgment. Such is their traditional function. Such is the plain mandate of section 64. Any other interpretation would eliminate any standard altogether, and, in contradiction of section 64, would involve the court in an uncharted search for the abstract right or wrong of the matter, in disregard of statutory limits. By these standards, the individual defendant was " successful ". The complaint against her was dismissed, on the merits, with costs.

What has been said also disposes of the possible contention, implicit in plaintiff's representations, that, though the court may have the power to assess expenses, it should not, under the circumstances of this case, exercise that power. On the fact, such contention assumes what is not so, i.e., that there has been any adverse finding as to the individual defendant, on the issue of liability. As the decision in this case shows, the moneys were withdrawn by mutual consent. Therefore, there was no finding that such acts constituted a wrong to the corporation. On the contrary, the decision was that the corporate vehicle must be disregarded, and, on equitable principles, the litigation considered and determined as between the principal parties. What the individual parties did, directly or indirectly, by mutual co-operation, is not, *inter sese* a wrong of one against the other. In any event, on the law, the contention is untenable. The statute is mandatory, with the result that the court has no discretion as to whether it will assess expenses, but only as to what that assessment shall be (see discussion in the study annexed to said Law Revision Commission recommendation,

p. 165). The court agrees that "This point is obvious from the texts of the two sections." The phraseology, in section 64, that the fiduciary "shall be entitled" to indemnity, is too plain to permit of dispute as to its mandatory character. "Entitled" is a strong word. It grants a right to the indemnity which the statute contemplates. The phraseology, in section 67, that "the court *shall* grant such application * * * and *shall* make an order" (italics supplied), is equally explicit and clear. Bearing in mind the remedial character of the legislation, and the abuses which it was designed to eliminate, i.e., the "mischief to be remedied" (*American Historical Soc.* v. *Glenn*, 248 N. Y. 445), there can be no doubt of the mandatory character of the statutory scheme. Were the issue one of discretion, the same conclusion would follow.

In the light of the complexity of the case, the issues involved, the preparation therefor, the amount involved, the standing of defendants' attorney in his profession and at the Bar, and the outcome — all, by settled authority, appropriate standards for appraisal — the fee fixed by the court is reasonable and proper. The court, from its own knowledge of the case, acquired on the trial, may correctly make such appraisal. The contention made in plaintiff's affidavit, that the attorney's charges included other services, is without any support. It is overcome by the attorney's positive affidavit to the contrary. No facts support the plaintiff's contention. What plaintiff asserts amounts to nothing more than a conclusory accusation. What defendants' attorney asserts is predicated upon his personal knowledge. The specific performance action was discontinued, and no proof was offered by any of the parties on the Orbach case. As to either of said cases, the charges, on the proof submitted, were not and could not be substantial.

The application for an extra allowance is denied, in the court's discretion.

Judgment is entered accordingly.