**AUSTRIAN et al.**

v.

**WILLIAMS et al.**

United States District Court
S. D. New York.
Aug. 21, 1953.

Austrian & Lance, New York City, for plaintiffs.

Le Boeuf, Lamb & Leiby, New York City, for defendants, James F. Fogarty and Herbert C. Freeman.

Murray D. Welch, New York City (David C. Welch, New York City, of counsel), for defendants, David G. Mc-Cornack, Christian A. Johnson and John H. Eccles.

Markle & Pasternak, New York City, for defendant, Estate of Ralph Jonas, deceased.

McGuigan & Kilcullen, New York City, for defendant, Hugh B. Baker.

WEINFELD, District Judge.

These are applications by some of the defendants, in whose favor judgment was rendered in this action brought by the plaintiffs as Trustees in reorganization of Central States Electric Corporation, for the determination and assessment against the Corporation of their reasonable expenses and attorneys' fees, incurred in the defense of the action. The motions are made pursuant to Article 6–A of the General Corporation Law of New York,[1] which contains provisions for the reimbursement of expenses incurred in the successful defense of actions brought against officers of corporations.

It is unnecessary to the disposition of these applications to give the history of this prolonged litigation which has been before the Supreme Court on the question of jurisdiction[2], and before the Court of Appeals for this circuit on appeal from the judgment after trial in this Court.[3]

It is sufficient to state that the action was commenced in this District by the plaintiff Trustees pursuant to an order of the District Court of Virginia, where the reorganization proceedings were pending. The complaint charged Williams, the principal stockholder of the debtor, the present petitioners and various officers and directors with breaches of fiduciary duty to the corporation with respect to thirteen transactions.

After a long trial the complaint as to nine of the transactions was dismissed on the merits. The claims based on the remaining four transactions were also dismissed on the merits as to all defendants except as to Williams and one director. In three of the latter four transactions, it was found as to two of the moving defendants herein, that "they failed to exercise due care or prudence in the discharge of their responsibilities to Central States and acted contrary" to its interests, but were held exonerated under the applicable Statute of Limitations. Upon Williams' appeal from the judgment entered against him on the four transactions the New York Statute of Limitations[4] was also held as a bar to recovery, the judgment reversed, and the complaint dismissed.

Article 6–A of the New York General Corporation Law was passed in 1945 and was intended to strengthen the then existing law with respect to recompense of directors and officers who had incurred substantial expenses in successfully defending their corporate actions.[5] Section 64, the key section of the statute, provides:

"Any person made a party to any action, suit or proceeding by reason of the fact that he * * * is or was a director, officer or employee of a corporation shall be entitled to have his reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action, suit or proceeding * * * assessed against the * * * corporation * * *, except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer, director or employee is liable for negligence or misconduct in the performance of his duties."

1. Article 6–A, Reimbursement of Litigation Expenses of Corporate Officials, added by L.1945, C. 869, § 4, McKinney's Consolidated Laws, c. 23, General Corporation Law, Sections 63–68.

2. Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718.

3. Austrian v. Williams, D.C., 103 F.Supp. 64, reversed, 2 Cir., 198 F.2d 697, certiorari denied 344 U.S. 909, 73 S.Ct. 328, 97 L.Ed. 701.

4. Either § 48(3) or § 53 of the New York Civil Practice Act. See Austrian v. Williams, 2 Cir., 198 F.2d 697, 699, n. 1.

5. See Matter of Schwarz v. General Aniline & Film Corp., 305 N.Y. 395, 113 N.E.2d 533.

Sections 65, 66, 67 and 68 contain procedural provisions. Section 65 permits the application for reimbursement to be made either in the action, suit or proceeding in which the expenses have been incurred or in a separate proceeding in the Supreme Court. Section 66 requires that the application must be on notice to the corporation. Section 67 provides for the award if "the court shall find that the applicant * * * was successful in whole or in part, * * * [unless] (i) that the law of the state of incorporation * * * prohibits such indemnity or assessment, * * *." Under Section 68 the act applies:

"(a) when the corporation against whom the application is made for assessment * * * is a domestic corporation or a corporation doing business in this state;

"(b) when such expenses were incurred in an action or proceeding maintained in a court in this state;

"(c) when the application is made by a resident of this state and the director, officer or employee was a resident of this state at the time of the accrual of the alleged cause of action asserted in the litigation in which such expenses were incurred."

■ At the threshold of inquiry, we are faced with the fundamental question whether the New York Statute may be invoked at all in this action in the Federal Court. It is clear that the litigation expenses and attorneys' fees, reimbursement of which is provided for under that statute, are not conventional taxable costs. Their recovery is therefore not barred by the rule that in a court of the United States no costs, other than those prescribed by Federal law, may be taxed,[6] nor may it be doubted that if jurisdiction of the action were founded on diversity the statute would be applicable.[7] To be sure, this is not a diversity case, but in reversing the judgment herein the Court of Appeals stated: "The fact that diversity jurisdiction is lacking does not, alone, preclude a result similar to that which would be reached if there were such jurisdiction." This statement must be considered together with the nature of the suit brought by the plaintiff Trustees which has been described as one "in equity for an accounting based on a charge that the affairs of a state-created corporation had been conducted by the officers in violation of state law * * * called for a determination of no law question except those arising under state laws".[8]

■ In my opinion, the ruling of the Court of Appeals that this case is governed by the Statute of Limitations of New York as applied and interpreted by the New York Courts, unaffected by the Federal equity doctrine which suspends its running while the derelictions complained of remain undiscovered and while the Corporation was under the domination of the wrongdoers,[9] requires a like holding with respect to the provisions of the New York General Corporation Law with which we are now dealing. Every reason which led to that result on the main appeal applies equally here.

In my view, the reasoning of the holding in Austrian v. Williams, compels the conclusion that the successful defendants are entitled to assert such rights as the New York Statute gives them—and the fact that a federal forum [10] was made

---

6. People of Sioux County, Neb. v. National Surety Co., 276 U.S. 238, 241, 48 S.Ct. 239, 72 L.Ed. 547; Business Men's Assurance Co. of America v. Campbell, 8 Cir., 18 F.2d 223.

7. Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Fielding v. Allen, 2 Cir., 181 F.2d 163; see also Sacramento Municipal Utility District v. Pacific Gas & Electric Co., 20 Cal.2d 684, 128 P.2d 529.

8. National Mutual Ins. Co. of Dist. of Colo. v. Tidewater Transfer Co., 337 U.S. 582, 598, 69 S.Ct. 1173, 1181, 93 L.Ed. 1556, discussing this case.

9. Austrian v. Williams, 2 Cir., 198 F.2d 697.

10. National Mutual Ins. Co. of Dist. of Colo. v. Tidewater Transfer Co., 337 U.S. 582, 599, 69 S.Ct. 1173, 93 L.Ed. 1556.

available to the reorganization Trustees to advance their claim against the defendants does not deprive them of such rights.

■ The plaintiffs in resisting the application also urge that Central States Electric Corporation is not named as party in the action, is not before the Court, and hence no award may be made against it. The petitioners answer that Section 66 of the Statute prescribes notice to the Corporation but does not require the Corporation to be made a party.[11] It need not be determined here whether a valid assessment could be made against a corporation on a notice which did not effectively bring it before the Court. For it would be wholly unrealistic to adopt the view that the Central States Electric Corporation is not before the Court in this action and on the present application. The suit, as previously noted, was commenced by the plaintiff Trustees in this District upon express authorization by the reorganization court in Virginia. The action was considered as a valuable contingent asset, and the plan of reorganization not only provided for the retention and enforcement of the law suit by the Trustees and a distribution of the proceeds of recovery to stockholders of Central States, but also made provision for a reserve fund "to be retained by the Trustees for allowances and expenses * * * in retaining and enforcing the contingent assets of the Estate, and in distributing the proceeds thereof." True, the corporation itself has been reorganized and many of its assets have been turned over to the Blue Ridge Mutual Fund Inc., the successor corporation under the plan of reorganization. But the Trustees here speak for Central States. The Trustees represent the corporation in the fullest sense and stand in its shoes for every practical purpose. They were cast in the role of litigants seeking a substantial re-covery for the benefit of the corporation. The Trustees' position, if upheld, would give to the corporation all the advantages of a law suit in the event of success and exempt it from the disadvantages in the event of failure. To treat the plaintiffs other than as the legal representatives of Central States Electric Corp. would exalt formalism to a stature it no longer commands in legal thought.

Insofar as contrary views are expressed in the decision in this Court in Finn v. Empire Trust Co., 121 F.Supp. 309.[12] I find myself, with due deference to my learned and distinguished colleague, unable to adopt them.

■ The plaintiff's next urge that the law of Virginia under which Central States Electric Corporation was incorporated, prohibits the indemnity and assessment sought and so comes within the exception in the statute, § 67(i), and compels the denial of the application. Plaintiffs refer to no Virginia Statute but cite Dunlop v. McGehee's Ex'r, 139 Va. 643, 124 S.E. 199, as authority for their contention. Assuming that the prohibition contemplated could rest on case, as distinguished from statutory law, it is clear that the Dunlop case, the only one cited, which dealt with a somewhat different situation, cannot be regarded as a statement of established general policy. It therefore may not be accepted as the prohibition envisaged by the New York Statute.

We then come to the question whether the New York Statute is mandatory or discretionary. If discretion existed, I would be inclined to deny the present application. There was more than probable cause for bringing the present suit against its officers, directors and principal stockholders. The defendants Fogarty and Freeman escaped liability with respect to three of the transactions only because of the Statute of Limitations. Though the other moving defend-

11. It appears that formal notice of the applications was sent by registered mail to the debtor corporation at its office in Richmond, Virginia, and by personal service on the last President and Secre-tary (incidentally petitioners herein) of the corporation. These notices in turn were forwarded to plaintiff's counsel.

12. Civil 32–599.

ants were exonerated as to all the transactions, the fact remains that the action was brought by the Trustees upon instructions of the reorganization Court following an intensive investigation. Further, the investigation which led to the order directing this suit was ordered by the Court of Appeals for the 4th Circuit which reversed an earlier order of the District Court approving a recommendation that no suits be instituted against the former officials and the principal stockholder of the Debtor. In reversing, the Court of Appeals clearly recognized that a possible obstacle to ultimate recovery was the bar of the Statute of Limitations but did not consider it an insuperable obstacle.[13] The bringing of this suit was fully warranted. In such circumstances, it may well be allowances should be awarded only if the statute so commands. No authoritative decision on this question by any appellate state court has been called to my attention, nor has independent research disclosed such authority. The question was discussed at Special Term where the Court in a well-considered opinion held the statutory direction mandatory.[14]

The statute throughout uses the term "shall" rather than the permissive "may". This alone is not determinative. The legislative intent must be found in the statute as a whole and though the use of "shall" normally implies a mandatory direction, it is not always necessarily so. However, other expressions in the statute throw added light on the problem. Sec. 64 declares that the successful defendant "shall be entitled" to his reasonable expenses "assessed" against the corporation. Further indicative of a design to exclude discretion is the exception in § 64 in relation to matters as to which it is adjudged the applicant is liable for negligence or misconduct. Here it may well be argued that had discretion generally

been lodged in the Court, it would be expected that the Court in exercising its discretion, would itself make the exception in such situation.

The mandatory nature of the statute is perhaps revealed even more forcefully in § 67 which provides for reimbursement, not alone when the applicant is successful in whole or in part, but when "the action against him has been settled with the approval of the court," as well. In either case, the Court "shall" grant the application in the amount found by it to be reasonable and "shall" make an Order directing judgment. Certainly had it been intended, to lodge discretion in the Court to deny the application entirely in the case of a settlement —the situation in which denial would perhaps most frequently be natural—it would hardly have been necessary to make the explicit exception that no award is to be made in the case of a Court approved settlement if such amount is "inconsistent with any condition with respect to payment of indemnity or assessment of expenses expressly imposed by the court in approving such settlement." These detailed and specific provisions bespeak, it seems to me, a legislative purpose to grant the right to reimbursement in all cases, other than those specifically excepted by the terms of the Statute. Though Diamond v. Diamond may not be binding upon me, its reasoning is supported by sound analysis and the history of the Statute. I therefore reach the conclusion that the Statute is mandatory and compels me, whatever my inclination might otherwise be, to grant the application made by the defendants, who were officers and directors of the corporation.

This conclusion is reinforced by a very recent decision of the New York State Court of Appeals in Matter of Schwarz v. General Aniline & Film Corp., 305 N.Y. 395, 113 N.E.2d 533.[15] While the

---

13. Committee for Holders of Central States Electric Corporation, etc. v. Kent, 4 Cir., 143 F.2d 684, 687.

14. Diamond v. Diamond, 200 Misc. 1074, 108 N.Y.S.2d 864.

15. An officer of a corporation sought reimbursement of expenses in a proceeding

precise point involved in this proceeding was not at issue in that case, analysis of the majority and minority opinions, in my view, indicates recognition by the entire Court of the mandatory nature of the assessment provisions under Sections 64–68 in the case of a successful defendant in a civil suit.

With respect to the defendants Fogarty and Freeman, plaintiffs advance the further argument that they should be denied reimbursement because, but for the Statute of Limitations, they would have been held liable on some of the transactions. The test under Section 64 in denying reimbursement is whether the official has been "adjudged * * * liable for negligence or misconduct in the performance of his duties." While it is true that there is a finding [16] of negligence with respect to some of the transactions, the final judgment by reason of the bar of the Statute, is in favor of these defendants and there is no adjudication "adjudging" them liable.[17] Moreover the question in some measure is academic in the instant case since § 67 provides for reimbursement where the officers or directors have been successful "in whole or in part". Here Fogarty and Freeman were successful, without reliance upon the Statute of Limitations, in the remainder of the transactions wherein recovery was sought from them.

The application on behalf of Jonas, since deceased, however stands on a different footing, for he was neither a director, officer nor employee of the corporation and therefore is not within the terms of the Statute. He seems to have been the "Forgotten Man" upon the trial and was named as a defendant in one claim only because he was a director of a corporation with which the debtor had the transaction under attack. The complaint was dismissed against him on the merits. It would appear unjust to deny his estate reimbursement while granting the same to other applicants, particularly so since there was little, if any, justification for the suit against him. Since, however, there is no statutory basis therefor, authority must be sought elsewhere.

In support of his application the general equity power of the Court to award counsel fees to a litigant in a parallel situation is invoked. This power has been recognized and in limited situations has been exercised in the Federal Courts.[18] Though the situations in those cases differ from that shown here, they are sufficiently analogous to furnish the basis of an award to Jonas. While I recognize that the power should be sparingly exercised, I do so here in view of the unusual circumstances of this case. I reach this conclusion the more readily in view of the provisions of the New York Civil Practice Act which authorize an extra allowance in a difficult and extraordinary case.[19] This case was unquestionably difficult and extraordi-

under Section 6–A of the General Corporation Law, incurred in defending a criminal prosecution wherein he and the corporation had been indicted for alleged violations of the Sherman Anti-trust Act, 15 U.S.C.A. §§ 1–7, 15 note, to which he had pleaded *nole contendere*. By four to three vote the Court of Appeals decided that while the Statute contained broadened provisions for the assessment against a corporation of expenses incurred by an officer who is made a party to "any action, suit or proceeding" by reason of his being an officer, director, or employee, the reach of the Statute did not extend to defense costs in such criminal prosecution.

16. In this connection the statute in words appears to contemplate a judgment imposing liability "for negligence or misconduct".

17. Dornan v. Humphrey, 278 App.Div. 1010, 106 N.Y.S.2d 142.

18. Sprague v. Ticonic Nat. Bank, 307 U. S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Rolax v. Atlantic Coast Line R. Co., 4 Cir., 186 F.2d 473; Cleveland v. Second Nat. Bank & Trust Co., 6 Cir., 149 F.2d 466.

19. § 1513; Diamond v. Diamond, Note 14 supra; City of New York v. Delaware, Lackawanna & Western R. Co., 206 App. Div. 228, 200 N.Y.S. 681, affirmed 237 N.Y. 398, 143 N.E. 234.

nary. True the allowance permitted by the Civil Practice Act may not exceed $2,000, § 1514, but that Act is not being applied in this Court. It is cited merely to show that New York recognizes the propriety generally of partially reimbursing the successful litigant in an unusual case.

The Trustees press hard that the fixing of allowances by the Court would be an invasion of the bankruptcy powers of the reorganization Court. They urge that the claims should be presented and passed upon by the District Court in Virginia. I cannot agree. Passing the question that the plan of reorganization has been consummated, the fact is that the claims for allowances did not arise either antecedent to the filing of the petition under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., or in connection with the reorganization of the debtor or the administration of its affairs. The assessments here sought are an incident of the litigation in this Court and represent a substantive right conferred in actions of this type by the New York statute.[20] The present disposition will in nowise conflict with the administration in the Bankruptcy Court. The order to be entered herein will determine the liability of the corporation but will not direct its enforcement. That is a matter for the Bankruptcy Court.

Once it is recognized that the New York statute is applicable the procedure which it lays down should be followed. This Court is entirely familiar with the services for which reimbursement is sought and can more readily appraise their value than a Court not so situated and which would be compelled to rely upon extensive affidavits. Moreover, this Court having conducted the trial, can make its appraisal upon its own knowledge, without extended proof, a course which would be inevitable were the proceedings brought in the Bankruptcy Court. No valid reason exists for imposing such a burden upon the Bankruptcy Court or the applicants. Presumably the New York statute provides for the making of the application in the action because of these considerations.

The Court, upon the signing of the order to be entered hereon, will fix the allowances. The attorneys for the Trustees are required upon the settlement of the order to submit further affidavits directed solely to the question of the amount of the allowances, or if a hearing is desired on this issue to make request for one.

Motions granted. Settle order on notice.

20. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.