Carl J. AUSTRIAN and Robert G. Butcher, as Trustees of Central States Electric Corporation, Plaintiffs-Appellants-Appellees,

v.

Harrison WILLIAMS, et al., Defendants, James F. Fogarty, Herbert C. Freeman and Harry J. Pasternak, as Executor of the Estate of Ralph Jonas, Deceased, Defendants-Appellees-Appellants, Christian A. Johnson, David C. McCornack, John H. Eccles and Hugh B. Baker, Defendants-Appellees.

No. 214, Docket No. 22951.

United States Court of Appeals Second Circuit.

Argued April 15, 1954.

Decided May 17, 1954.

Reargued Oct. 7, 1954.

Decided Oct. 19, 1954.

See also 206 F.2d 70.

Austrian & Lance, New York City (Carl J. Austrian, Saul J. Lance and Maurice Rosenberg, New York City, of counsel), for plaintiffs-appellants-appellees.

LeBoeuf, Lamb & Leiby, New York City (Horace R. Lamb, New York City, Alfred E. Froh, New York City, of counsel), for defendants-appellees-appellants James F. Fogarty and Herbert C. Freeman.

Markle & Pasternak, New York City (Harry J. Pasternak and Jack H. Fox, New York City, of counsel), for defendant-appellee-appellant Harry J. Pasternak, as executor of the estate of Ralph Jonas, deceased.

Murray D. Welch, New York City (Murray D. Welch and David C. Welch, New York City, of counsel), for defendants-appellees Christian A. Johnson, David G. McCornack and John H. Eccles.

McGuigan & Kilcullen, New York City (E. Gayle McGuigan and Richard Kilcullen, New York City, of counsel), for defendant-appellee Hugh B. Baker.

William H. Timbers, David Ferber and Frederick P. Pickard, Washington, D. C.,

for Securities and Exchange Commission, amicus curiae.

Before CLARK, HINCKS and HARLAN, Circuit Judges.

HARLAN, Circuit Judge.

These appeals are another chapter in a protracted series of litigations growing out of proceedings for the reorganization of Central States Electric Corporation, a Virginia corporation, which were initiated by the filing of a petition under Chapter X of the Bankruptcy Act, 11 U.S.C. § 501 et seq., 11 U.S.C.A. § 501 et seq., in the United States District Court for the Eastern District of Virginia on February 23, 1942, and approved by that Court on February 27, 1942.

Pursuant to an order of the Virginia Reorganization Court, on July 5, 1945 Carl J. Austrian and Robert G. Butcher, as Trustees of Central States, filed an action in the Southern District of New York, where Central States was doing business, against its officers, directors and principal stockholder charging them with various derelictions in their handling of Central States' affairs. A lengthy trial before Judge Weinfeld resulted in a dismissal of the action against the defendants who are parties to the present appeals, viz., Fogarty, Freeman, Johnson, McCornack, Eccles, Baker and Jonas (deceased and now represented by his Executor Pasternak), and also against the other defendants, not parties to these appeals, except Harrison Williams and Louis E. Kilmarx as to whom a judgment in excess of $14,-000,000 was entered. See Austrian v. Williams, D.C.S.D.N.Y.1952, 103 F.Supp. 64. The District Court reserved jurisdiction to deal, among other things, with "costs, expenses and allowances." On appeal by Williams to this Court, the judgment was reversed (Clark, C. J., dissenting) on the ground that the action was barred under both the 6 and 10-year New York statutes of limitation, N.Y.Civil Practice Act § 48, subd. 3, and § 53. See Austrian v. Williams, 2 Cir.,

198 F.2d 697, certiorari denied 1952, 344 U.S. 909, 73 S.Ct. 328, 97 L.Ed. 701.

Following the successful result of the Trustees' action as to them, the seven defendants who are parties to these appeals brought on applications before Judge Weinfeld for allowances of expenses and attorneys' fees in that action. Except as to Jonas, all of these applications were made pursuant to Article 6A, §§ 63–68, of the General Corporation Law of New York, McKinney's Consol.Laws. c. 23, which provides that directors, officers or employees of corporations who have successfully defended their official conduct in an action brought by or on behalf of their corporation may recover from the corporation their reasonable expenses and attorneys' fees incurred in such action. Jonas, who was never a director, officer or employee of Central States, addressed his application to the general equity powers of the District Court.

Upon these applications, Judge Weinfeld made allowances in various amounts, aggregating some $45,000, and his action has resulted in the following appeals: (1) the Trustees appeal from the District Court's order and judgment of October 17, 1953 granting the allowances, contending that the Court was without power to make any of them; (2) Jonas (Pasternak) appeals from so much of the order and judgment of October 17, 1953 as limits his allowance to $3,500; and (3) Fogarty and Freeman appeal from the District Court's order of December 10, 1953 vacating a separate judgment, dated November 4, 1953, covering the allowances in their favor. The Securities and Exchange Commission has appeared as *amicus curiae* and has furnished us with a helpful brief.

We come first to the appeal of the Trustees so far as it relates to the allowances made under Article 6A of the New York General Corporation Law. The District Court held that application of the New York Statute followed from the decision of this Court in Austrian v. Williams, 2 Cir., 198 F.2d 697, certiorari denied 1952, 344 U.S. 909, 73 S.Ct. 328, 97

**L.Ed.** 701, holding the action herein barred by the New York Statute of Limitations. The District Court further held that it, rather than the Virginia Reorganization Court, was the proper forum for the determination of these claims to reimbursement, but stated in its opinion that the order would not direct enforcement of the allowances as that was a matter for the Reorganization Court. Austrian v. Williams, D.C.S.D.N.Y., 120 F.Supp. 900, decision of Judge Weinfeld, August 21, 1953.

The District Court evidently read our decision on the limitations question as extending the doctrine of such cases as Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, which require the application of State "substantive" law by Federal courts in diversity cases, to cases where although, as here, jurisdiction depends on a Federal ground independent of diversity [see Williams v. Austrian, 1947, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718] the cause of action involved seeks enforcement of a State-created right.

This is a mistaken view of our decision. We held the New York Statute applicable in its full sweep in accordance with New York's decisional rules because of the provisions of Section 11, sub. e, of the Bankruptcy Act, 11 U.S.C. § 29(e), 11 U.S.C.A. § 29, sub. e, making State statutes of limitation applicable to suits instituted by a receiver or bankruptcy trustee where no Federal period of limitation existed. The New York Statute, rather than the Virginia Statute of Limitations, was held to apply since even if the causes of action sued upon were to be regarded as stemming from the law of Virginia (where Central States was incorporated), nonetheless under the conflicts of law rule the governing statute of limitations is that of the forum.

■ In this instance, we have no provision of the Bankruptcy Act which directs the application of any state laws providing for the recovery of expenses by defendants who have successfully defended actions brought against them. The question of whether there are other reasons why Article 6A should be applied therefore must turn on considerations which were not reached by this Court in its decision as to the statute of limitations. However, we think that we need not and should not decide this question since we are of the opinion that in no event did the District Court have jurisdiction to consider or make any of the allowances. This was a function belonging exclusively to the Virginia Reorganization Court.

■ The administration of the estate of a bankrupt or debtor belongs exclusively to that Court which has acquired jurisdiction over its affairs. While the Plan of Reorganization of Central States is not before us, it appears that it has been finally approved and consummated except for the winding up of the action against the Central States directors which, together with other contingent assets of the Debtor, was retained in the hands of the Trustees. Funds were also reserved in the hands of the Trustees to provide for "allowances and expenses * * * in retaining and enforcing the contingent assets of the Estate, and in distributing the proceeds thereof." See Austrian v. Williams, D.C.S.D.N.Y., 120 F.Supp. 900, decision of Judge Weinfeld, August 21, 1953; Central States Electric Corp. v. Austrian, 4 Cir., 1950, 183 F.2d 879, 882, certiorari denied 1951, 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662; Chase v. Austrian, 4 Cir., 189 F.2d 555, certiorari denied 1951, 341 U.S. 952, 71 S.Ct. 1021, 95 L.Ed. 1374. The determination of these claims of the successful defendant-directors for reimbursement of their expenses in that action—constituting as they did claims against the assets of the Debtor remaining in the hands of the Virginia Reorganization Court—lay, we think, within the exclusive jurisdiction of the Reorganization Court. Brown v. Gerdes, 1944, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659.

In the Brown case the attorneys for the Trustees of a Chapter X Debtor brought a proceeding in the New York

courts under § 475 of the New York Judiciary Law, McKinney's Consol.Laws, c. 30, to establish a lien for their fees in a number of actions in the New York courts instituted under the authority of the Reorganization Court, in which they had represented the Debtor, and later the Trustees, until their services had been terminated by the Trustees before final judgment in any of the actions had been entered. The Supreme Court, confirming a decision of the New York Court of Appeals, In re Brown, 290 N.Y. 468, 49 N.E. 2d 718, held that the New York courts had no jurisdiction to determine the attorneys' fees, because Chapter X of the Bankruptcy Act had committed that function exclusively to the Reorganization Court.

We do not think that the force of that case is lessened here by reason of the fact that Brown was concerned with the compensation of the attorneys for the estate, whereas in the present case the allowances related to expenses and attorneys' fees of former directors of the Debtor. These allowances were nonetheless payable out of the Debtor's estate, and Chapter X "contains detailed machinery governing all claims for allowances from the estate." Brown v. Gerdes, supra, 321 U.S. at page 182, 64 S.Ct. at page 489. Indeed, so paramount is a reorganization court's jurisdiction over allowances which may affect the administration of the estate that the Supreme Court has held that such jurisdiction extends to allowances for services performed by attorneys for a stockholders' committee in a reorganization proceeding, even though not payable out of the estate. Leiman v. Guttman, 1949, 336 U.S. 1, 69 S.Ct. 371, 93 L.Ed. 453.

Nor is the impact of the Brown and Leiman cases affected by the fact that the claims of the defendant-directors were grounded on the State statute. Even if it be assumed that the doctrine of Cohen v. Beneficial Industrial Loan Corp., supra, should be extended to carry into this action the right of reimbursement given by Article 6A, we find nothing in that case which would divest the Reorganization Court of jurisdiction to pass upon these claims. At most, Cohen would reach only the "substantive" aspects of Article 6A, that is the right of the successful defendant-directors to reimbursement, and not its "procedural" aspects—that is, the manner or forum in which such right is to be enforced.

A different conclusion as to *jurisdiction* might possibly be reached if the Trustees' cause of action under New York law had been conditioned upon the rights of reimbursement from the corporation (now the Debtor) which the successful defendant-directors sought to enforce in this action. Perhaps then it could have been argued that the submission of the main controversy to the Federal Court in New York carried with it also the submission of the controversy as to the rights of reimbursement. But since under the New York statute (unlike the New Jersey statute involved in the Cohen case) the plaintiffs' rights stood quite apart from the defendants' rights to reimbursement, we think that such an argument is not available here. Perhaps we should say that we intend no intimation of our views as to the applicability or non-applicability of Article 6A in this case, for we consider this a question for the Reorganization Court in the event that the applications for reimbursement are renewed there.

For the same reasons, we do not reach the propriety of the allowance made to Jonas (Pasternak) which the District Court thought justified under its general equity power, as exemplified in such cases as Sprague v. Ticonic Nat. Bank, 1939, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Rolax v. Atlantic Coast Line R. Co., 4 Cir., 1951, 186 F.2d 473, and Cleveland v. Second Nat. Bank & Trust Co., 6 Cir., 1945, 149 F.2d 466. Here again we think that exclusive jurisdiction to entertain and dispose of the Jonas (Pasternak) application is in the Virginia Reorganization Court.

The District Court concluded: "The present disposition [the making of the allowances] will in nowise conflict with the administration in the Bankruptcy Court.

The order to be entered herein will determine the liability of the corporation [the Debtor] but will not direct its enforcement. That is a matter for the Bankruptcy Court." But we think that this overlooks the fact that the Bankruptcy Court's jurisdiction was not limited to mere enforcement—it also had the sole power to determine and measure the rights of the defendants to reimbursement.

Because of the conclusion we have reached on the main appeal of the Trustees, it becomes unnecessary for us to discuss separately the cross appeal of Jonas (Pasternak) from the order and judgment of October 17, 1953, or the appeals of Fogarty and Freeman from the order of December 10, 1953.

On appeal of plaintiffs-appellants, and on cross appeal of defendant-appellant Pasternak, order and judgment reversed and proceedings in the District Court dismissed for lack of jurisdiction, without prejudice to renewal of the applications for allowances in the United States District Court for the Eastern District of Virginia; on appeal of defendants-appellants Freeman and Fogarty, order affirmed and proceedings in the District Court for separate judgment dismissed for lack of jurisdiction.

## On Reargument.

In our original opinion disposing of these appeals we held that the District Court for the Southern District of New York was without jurisdiction to pass upon these applications for allowances, such jurisdiction resting entirely with the Virginia Reorganization Court. The further contentions, on reargument, of the unsuccessful parties have failed to convince us to the contrary. Certain of their arguments, however, warrant some elaboration of what was said in our original opinion.

The principal contention is that Southern District jurisdiction to deal with the allowances involved results from the earlier decisions of this Court and the Supreme Court in Austrian v. Williams, 2 Cir., 1946, 159 F.2d 67, and Williams v. Austrian, 1947, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718, in which it was held that under Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11 sub. a (7), the Southern District Court had jurisdiction to entertain the plenary action out of which the present applications for allowances arose. It is said that these applications being merely an incident of such a plenary action under Art. 6-A of the New York Corporation Law, McKinney's General Corporation Law, § 63 et seq., it follows that the Southern District Court also had jurisdiction to deal with them, especially since subdivision a(2) and (18) of the same section of the Bankruptcy Act give courts of bankruptcy power to allow claims and to tax costs against bankrupt estates in proceedings brought under the bankruptcy laws. We cannot agree.

All that these earlier cases decided was that since the limitations of § 23 of the Bankruptcy Act, 11 U.S.C.A. § 46, do not apply in a Chapter X, 11 U.S.C.A. § 501 et seq., proceeding, a Chapter X trustee may under § 2, sub. a(7) sue in any federal court having personal jurisdiction of the defendants upon any cause of action belonging to the estate, even though no independent ground of federal jurisdiction exists. These cases did not decide that the reorganization court and all other federal courts have concurrent jurisdiction to exercise *every* bankruptcy power applicable to a Chapter X proceeding. Indeed, in Williams v. Austrian the Supreme Court, 331 U.S. at page 647, 67 S.Ct. at page 1445, noted that "certain aspects of a bankruptcy proceeding could be handled only by the court in which the [bankruptcy] adjudication was had * * *." Nor did these cases reach the question as to whether the powers contained in section 2, subdivision a(2) and (18) might also be exercised by the Southern District Court.

We think that jurisdiction to make the ultimate disposition of these applications —whether based on Art. 6-A or upon the general equity powers of the court—was exclusively reserved to the Virginia Reorganization Court under § 221(4) of the

Bankruptcy Act, 11 U.S.C.A. § 621(4), as the Securities and Exchange Commission has persuasively argued. That section provides that the reorganization judge shall confirm a plan "if satisfied that— * * * (4) all payments made or promised by the debtor * * * for services and for costs and expenses * * * in connection with the plan and incident to the reorganization, have been fully disclosed to the judge and are reasonable or, if to be fixed after confirmation of the plan, will be subject to the approval of the judge". These allowances were payable "by the debtor". Arising out of a lawsuit which was a potential asset of the estate and involved in the plan, they were "in connection with the plan and incident to the reorganization". And being fixable after confirmation of the plan, they were "subject to the approval of the [reorganization] judge".

We find nothing in § 221(4) which limits its application to expenses incurred or services performed by parties to the reorganization or their attorneys. On the contrary, Leiman v. Guttman, 1949, 336 U.S. 1, 8, 69 S.Ct. 371, 93 L.Ed. 453, characterized the terms of this section as "pervasive," and it would be quite inconsistent with the rationale of Leiman and Brown v. Gerdes, 1944, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659, to interpret the language of § 221(4) short of its full scope. Indeed, the situation here, where these allowances were payable out of the estate, is *a fortiori* to that in Leiman, where the payments involved did not go against the estate.

Since § 221(4) vests the ultimate dispositon of these applications in the Virginia Reorganization Court, it was error for the New York Court to grant any judgment with respect to them. We do not think that such error is obviated by the fact that the Court below left the "enforcement" of its judgment to the Virginia Court. If, as counsel for some of the defendants suggested on oral argument, this means that the Virginia Court's function would be limited to the mere adjustment of the burden of the allowances as between the security holders of the debtor such a limitation would

surely run afoul of § 221(4). On the other hand, were we to interpret the judgment below as permitting the Virginia Court to reduce the allowances or to set them aside entirely, we think this would nonetheless impinge upon that Court's exclusive control over the administration of the debtor's estate and the plan. See Section 111 of Chapter X, 11 U.S.C.A. § 511. For example, the Virginia Court would be faced with providing for the expense of resisting these claims in two courts, since the Trustees could scarcely be taken to have defended against the claims in the Southern District at the peril of not being compensated. Moreover, if notwithstanding the Southern District judgment the Virginia Court would still be free to deal with these applications *de novo,* it is hard to see what useful purpose the Southern District proceedings would have served. The consideration that the Southern District, rather than the Virginia, Court was in the better position to appraise what was done in defending the litigation is one which was equally present in Brown v. Gerdes.

It is also said that the mere bringing of this suit in the Southern District Court operated to confer jurisdiction over these allowances, since liability for the expenses of the successful defendant-directors was, under Art. 6-A, a condition attaching to the Trustees' cause of action. But as stated in our original opinion, which we consider unnecessary to elaborate in this respect, we do not think such liability can properly be regarded as conditioning the cause of action itself, either under the terms of Art. 6-A or under the rationale of Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. Moreover, even were this possible liability considered as a condition, imposed by the New York legislature, upon the right to sue, whatever efficacy such a condition might have would be limited to suits in the New York State Courts. It would not have the effect of conditioning the Trustees' right to invoke Southern District jurisdiction over this plenary action, which is a jurisdiction conferred by

the Bankruptcy Act. It may be that a liability for costs is generally a condition to suit. But the scope of costs in federal courts is determined only by federal law which does not classify the allowances and expenses here involved (including that to Jonas under the general equity powers of the court [1]) as ordinary allowable costs. Such allowances and expenses may have an impact upon the administration of an estate or a plan of reorganization which ordinary costs do not have because of their comparatively nominal amount. Consequently, from the fact that the Trustees by suing in the federal court subject the estate to the costs taxable in a federal court, it would not follow that the federal court in which this suit was brought would have jurisdiction to determine a liability arising as a condition to suit in a court of the State. By this we do not mean to express any view as to the validity of a defendant's state-created right to reimbursement or the enforceability of that right in a federal court of competent jurisdiction. We simply hold that when, as here, it arises out of an action brought by a trustee of a debtor in reorganization under Chapter X of the Bankruptcy Act, only the Reorganization Court has jurisdiction to determine and enforce the right to reimbursement.

This conclusion is, we think, quite in harmony with the scheme of things of Art. 6-A, under which in State actions applications for reimbursement may be made either in the trial Court or, for "reasonable cause," in the New York Supreme Court. For it would seem that when such an action is tried in a federal court other than the reorganization court there are ample reasons why such applications should be made in the reorganization instead of the trial court, and that such procedure is the substantial equivalent of an application in a State litigation which is made in the Supreme Court for "reasonable cause," rather than in the court where the action was tried. But if what we have held nonetheless be considered to offend against Art. 6-A, it need only be said that the State statute must yield to the supremacy of the bankruptcy laws.

■■ Finally, we do not think that in bringing a plenary suit against former officers of the debtor, the Trustees were "carrying on business" of the debtor, so that under 28 U.S.C.A. § 959 they might have forfeited their immunity from suit, and become exposed to liability in any court, state or federal, where the controversy might be heard if the Trustees were ordinary businessmen. Merely to attempt to collect and liquidate the assets of a debtor is not to carry on its business in any proper sense of the term. See Vass v. Conron Bros., 2 Cir., 1932, 59 F.2d 969. We consequently are not required to reach the question, subject to some dispute, of the exact effect of 28 U.S.C.A. § 959 on Chapter X proceedings, as distinguished from ordinary bankruptcy proceedings. See 6 Collier on Bankruptcy 744–48.

For these reasons we adhere to our original decision on these appeals.

---

1. See People of Sioux County, Neb., v. National Surety Co., 1928, 276 U.S. 238, 241–44, 48 S.Ct. 239, 72 L.Ed. 547.