PARKER R. TYLER, JR., for Himself as Stockholder of the Gas Consumers Association and Other Stockholders Similarly Situated, Plaintiff, *v.* GAS CONSUMERS ASSOCIATION et al., Defendants.

Supreme Court, Special Term, New York County, June 18, 1962; reargument June 18, 1962.

*Frederick J. Ludwig* for Gas Consumers Association, defendant. *Dorr, Hand, Whittaker & Watson* for William L. Lyon, defendant. *Aranow, Brodsky, Bohlinger, Einhorn & Dann* for plaintiff.

NATHANIEL T. HELMAN, J. Defendants have applied pursuant to sections 64 and 65 of the General Corporation Law to the

court for an assessment against the corporate defendant (Gas Consumers Association) of the reasonable expenses of defendant Lyon including attorney's fees, in the sum of $3,039.90, together with a further assessment pursuant to section 61-b of the General Corporation Law against the plaintiff of the sum of $14,939.57, payable to the corporation, the latter amount consisting of the reasonable expenses of the corporation, inclusive of attorney's fees, in the amount of $11,899.67 together with the above-mentioned expenses of Lyon in the sum of $3,039.90. It is contended by defendant that plaintiff should be held ultimately liable for both assessments. On a prior application defendants had succeeded in obtaining a dismissal of plaintiff's complaint for failure to file the security required under an order of Mr. Justice HOFSTADTER made pursuant to section 61-b and article 6-A of the General Corporation Law. Lyon was originally brought into this action by reason of the fact that he was an officer and director of the corporation and appropriately makes his application under those provisions of section 61-b and section 64 of the General Corporation Law which authorize an assessment against the corporation in favor of a party sued '' by reason of the fact that he * * * is or was a director, officer or employee of a corporation.'' The combined provisions of both sections authorize an assessment in such instance of '' reasonable expenses, including attorney's fees, actually and necessarily incurred * * * *in connection with the defense of such action*'' (emphasis supplied) where no adjudication has been rendered finding such officer, director or employee liable for negligence or misconduct. Plaintiff's contention that a motion to dismiss for failure to file the necessary security, made essentially at the behest of the corporation and joined in by the individual defendant, did not constitute a *defense* to the action is without merit. The costs and reasonable attorney's fees of Lyon '' *in connection with* '' his defense may well include many services and disbursements not directly connected with the preparation of legal documents and may even have preceded the drawing of formal papers. Lyon's application was properly made in accordance with section 65 '' in the action, suit or proceeding brought in this state in which such expenses were incurred ''; the notice provisions of section 66 were complied with, and the requirement of section 67 that the proceeding was '' successful in whole or in part '' was fully met (*Tichner* v. *Andrews,* 193 Misc. 1050, appeal dismissed 275 App. Div. 749; *Dornan* v. *Humphrey,* 278 App. Div. 1010). I am of the opinion, upon a reading of all of the affidavits submitted on this application that defendant Lyon is entitled to fees and expenses in the total amount of $2,000, inclu-

sive of disbursements, and an assessment in such amount against the corporation shall be made part of the order to be entered herein. There remains the further request of the corporation for an assessment as against the plaintiff of both its own costs and expenses as well as those of defendant Lyon for which it now asks reimbursement. Defendant's application in that regard is made under those provisions of section 61-b which " require plaintiff or plaintiffs *to give security* for the reasonable expenses, including attorney's fees, which may be incurred " (emphasis added) etc. Having succeeded in dismissing plaintiff's complaint for failure to file the required security, defendant now seeks under the same section to impose a direct liability on plaintiff for such costs. Neither the language of section 64 nor the provisions of section 61-b go so far as to add the personal liability of the litigating plaintiff for costs to the security provisions. No case has been presented to the court wherein section 61-b has been so applied. While the effect may at times be to cast upon the corporation the burden of subjecting itself not alone to unnecessary litigation, but to the claims of officers, directors and employees improperly sued, for their expenses, the statute must be strictly construed, and cannot be distended beyond its essential meaning (*Diamond* v. *Diamond,* 307 N. Y. 263). The significant words " to which the corporation shall have recourse " in section 61-b apply solely to the security deposited under that section, and express an intention that the successful defendant shall resort to that fund only for reimbursement. The provisions for security were not intended as a penalty; rather, it was the purpose to require a minimal financial interest in the affairs of the corporation before suit could be maintained by a stockholder in a derivative action. Since the court can find no basis for an assessment of the fees and expenses of the corporation under section 61-b against the plaintiff, the remaining objection of the plaintiff as to the validity of the claim for services rendered by the attorneys in a prior proceeding, will not be considered. The order to be entered hereon will provide for an assessment against the corporation in favor of Lyon in accordance with the quoted sections of the General Corporation Law in the amount of $2,000 inclusive of all disbursements. In all other respects the motion of defendants for an assessment is denied.

## (Reargument.)

Plaintiff's applications for a reargument of two prior motions (a) to vacate the order of Mr. Justice HOFSTADTER dated March 28, 1962 and (b) defendants' cross motion to dismiss the com-

plaint, dated April 21, 1962, are in all respects denied. The HOFSTADTER order was entered February 15, 1962 and no effort was made during the 60-day period provided in said order for a compliance with its security provisions, to amend, modify or vacate the same. The court has given consideration to the decisions of *Baker* v. *Macfadden Pub.* (300 N. Y. 325); *Purdy* v. *Humphrey* (187 Misc. 40); and *Noel Associates* v. *Merrill* (184 Misc. 649) and finds no reason to alter its original conclusion. The distinction between joining additional shareholders and the purchase of additional shares was carefully recognized by Mr. Justice HOFSTADTER in his order, and plaintiff was required to literally comply with its provisions.